UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **NEWTON BROWN, LLC**<br><br>　　　　　Plaintiff**,**<br><br>　-against-<br><br>**DURAMAX HOLDINGS, LLC d/b/a OTTO ENVIRONMENTAL SYSTEMS, BRIAN COLL, SHAWN McNEIL, SHAWN WHITEMAN, and TRAVIS DOWELL,**<br><br>　　　　　Defendants. | Civil Action No. 1:25-cv-1075<br><br>Supreme Court of the State of New York<br>County of New York<br>Index No. 655810/2024<br><br><u>**NOTICE OF REMOVAL**</u> |

PLEASE TAKE NOTICE that Defendants Duramax Holdings, LLC d/b/a Otto Environmental Systems, Brian Coll, Shawn McNeil, Shawn Whiteman, and Travis Dowell (collectively, "Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, as well as Local Rule 81.1, hereby remove the state court action entitled *Newton Brown, LLC v. Duramax Holdings, LLC, et al.*, Index No. 655810/2024 ("State Court Action"), from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. Defendants state the following grounds for removal:

1.　　Plaintiff Newton Brown, LLC ("Plaintiff") commenced the State Court Action on November 1, 2024, by filing nothing more than a "Summons with Notice" (hereinafter "Summons") naming Defendants as parties to this action. (<u>Exhibit A</u>.) The Summons, unaccompanied by a complaint, did not indicate the amount of monetary damages sought by Plaintiff nor did it disclose Plaintiff's citizenship. Thus, the Summons did not enable Defendants to "intelligently ascertain removability from the face of such pleading[.]" *Of a Feather, LLC v. Allegro Credit Services, LLC*, No. 19cv9351DLC, 2020 WL 85411, at *2 (S.D.N.Y. Jan. 7,

2020) ("Intelligent ascertainment does not require the defendant to conduct an investigation; removability must be apparent from the face of the initial pleading.")

2. Plaintiff filed three "Affirmation[s] of Service" on December 9, 2024, and another one on December 11, 2024. (Exhibit B.) The Affirmations of Service purportedly evidenced service of the Summons upon Defendants Shawn Whiteman, Travis Dowell, Shawn McNeil, and Duramax Holdings, LLC d/b/a Otto Environmental Systems. Like the Summons, the Affirmations of Service did not permit Defendants to ascertain removability.

3. Thereafter, and despite the lack of proper service, Defendants jointly filed a Notice of Appearance and Demand for Complaint on December 20, 2024.

4. On January 8, 2025, Plaintiff filed and served upon Defendants its Complaint with exhibits. (Exhibit C.) The Complaint constitutes the "initial pleading" from which Defendants could ascertain whether they had a basis to remove the State Action and, as set forth below, they do. Preliminarily, however, Plaintiff filed an Amended Complaint on January 21, 2025, that did not substantially differ from its original Complaint. (Exhibit D.)

5. Accordingly, this Notice of Removal is being filed within 30 days after Defendants received Plaintiff's initial pleading, the original Complaint, and is thus timely. 28 U.S.C. § 1446(b).

6. All Defendants properly joined and served consent to the removal.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, and the dispute is between citizens of different states.

8. "For purposes of diversity jurisdiction, an LLC has the citizenship of each of its members." *Intelligen Power Systems, LLC v. dVentus Techs. LLC*, 73 F.Supp.3d 378, 381 (S.D.N.Y. 2014) (quoting *Bischoff v. Boar's Head Provisions Co.*, 436 F.Supp.2d 626, 634


(S.D.N.Y. 2006)). The citizenship of an individual is based on the location of his or her domicile. *Reynolds v. Wohl*, 332 F.Supp.2d 653, 657 (S.D.N.Y. 2004).

9. Plaintiff Newton Brown, LLC is a New York limited liability company. (*See* Ex. C, ¶ 1.) The two members of Plaintiff Newton Brown, LLC are Antonius Agelink and Latashia Agelink. Antonius Agelink and Latashia Agelink are both domiciled in the State of New York. Thus, Plaintiff Newton Brown, LLC is a citizen of New York.

10. Defendant Brian Coll is an individual domiciled in the State of Ohio.

11. Defendant Shawn McNeil is an individual domiciled in the State of Ohio.

12. Defendant Shawn Whiteman is an individual domiciled in the State of Ohio.

13. Defendant Travis Dowell is an individual domiciled in the State of Texas.

14. Defendant Duramax Holdings, LLC d/b/a Otto Environmental Systems ("Duramax") is an Ohio Domestic Limited Liability Company with its principal place of business in Charlotte, North Carolina, at 12700 General Drive, Charlotte, NC 28273. Duramax is owned by Duramax Solutions, LLC, which is also an Ohio Domestic Limited Liability Company with its principal place of business in Charlotte, North Carolina, at 12700 General Drive, Charlotte, NC 28273. The members of Duramax Solutions, LLC are all individuals (Brian Coll, Lance Polen, and David Niederst) who are domiciled in Ohio and/or Florida. Accordingly, Duramax is not a New York citizen, and therefore, complete diversity exists.

15. Although Plaintiff does not allege a specific sum of damages, the jurisdictional amount is still met when a defendant can show "that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Marcus v. Quattrocchi*, 715 F.Supp.2d 524, 535 (S.D.N.Y. 2010). In that regard, a defendant does "not need to prove to a *legal certainty* that the amount in controversy has been met" as a "notice of removal need

include only a *plausible allegation* that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S.Ct. 547, 554 (2014) (emphasis added.)

16.  Plaintiff demands compensatory damages, keyed to an unknown percentage of the total value of the contract that was awarded to Duramax. (Ex. C, ¶ 87.) That contract is for a ten-year term and calls for the production of more than a million waste bins, with the price per bin ranging from $43.47 to $60.08. Additionally, Plaintiff seeks punitive damages. Accordingly, there is more than a reasonable possibility, given the total value of the contract plus Plaintiff's demands for punitive damages, that the amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

17.  Pursuant to 28 U.S.C. § 112(b), the United States District Court for the Southern District of New York is the district court for the district embracing the County of New York, where the State Court Action is pending. Thus, removal to this Court is proper. 28 U.S.C. §§ 1441(a) and 1446(a).

18.  By filing this Notice of Removal, Defendants do not waive, and hereby reserve, their right to assert any and all objections and defenses to Plaintiff's Complaint, including, but not limited to, lack of personal jurisdiction, improper venue, and *forum non conveniens*.

Dated: February 6, 2025                                    Respectfully submitted,

*/s/ Andrew Agati*
Andrew Agati
TAFT STETTINIUS & HOLLISTER LLP
200 Public Square, Suite 3500
Cleveland, Ohio 44114
Telephone:    (216) 241-2838
Facsimile:    (216) 241-3707
aagati@taftlaw.com

4

and

Todd Lawlor, Esq.
STERNBACH, LAWLOR & RELLA LLP
575 Fifth Avenue, 14th Floor
New York, New York 10017
(212) 661-4040
tdl@sternbach.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 6th day of February, 2025, a true and accurate copy of the foregoing was served via email and regular U.S. Mail upon the following:

Robert Osuna, Esq.
11 Park Place, Suite 1100
New York, New York 10007
robertosunapc@yahoo.com

*Attorney for Plaintiff Newton Brown, LLC*

*/s/ Andrew Agati*
Andrew Agati

*One of the Attorneys for Defendants*