**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **NEWTON BROWN, LLC** | Civil Action No. 1:25-CV-1075 |
| Plaintiff**,** | |
| -against- | |
| | **NOTICE OF REMOVAL** |
| **DURAMAX HOLDINGS, LLC d/b/a**<br>**OTTO ENVIRONMENTAL SYSTEMS,**<br>**BRIAN COLL, SHAWN McNEIL, SHAWN**<br>**WHITEMAN, and TRAVIS DOWELL,** | |
| Defendants. | |

# EXHIBIT C

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

-------------------------------------------------------------------------X  Index No.: 655810 /2024

**NEWTON BROWN, LLC.,**                                    Date Purchased:11/1/24

                              **Plaintiff (s),**

                              **VERIFIED COMPLAINT**

        **-against-**

**DURAMAX HOLDINGS, LLC d/b/a/**
**OTTO ENVIRONMENTAL SYSTEMS, BRIAN COLL,**
**SHAWN McNEIL, SHAWN WHITEMAN, TRAVIS DOWELL,**

        **Defendant(s).**

-------------------------------------------------------------------------X

        Plaintiffs **NEWTON BROWN, LLC.,** by their attorneys **ROBERT OSUNA, P.C.,** as

and for a Verified Complaint alleges respectfully and states as follows:

**1**. That always hereinafter mentioned plaintiff **NEWTON BROWN, LLC,** whose office is

located at 106 W. 32nd Street, New York, New York 10001 was and still is a Limited Liability

Corporation authorized to business in the City and State of New York, County of New York.

**2.**      That always hereinafter mentioned plaintiff **NEWTON BROWN, LLC.,** whose office is

located 106 W.32nd Street New York, New York 10001 was and still is a Minority Business

Enterprise (File ID 61539) of the City and State of New York, County of New York

**3.**      That Defendant, **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL**

**SYSTEMS** was and still is a foreign corporation duly authorized to do business in the State of

New York with offices at 12700 General Drive, Charlotte, North Carolina 28273, in the County

of New York.

**4.**    That the defendant, **BRIAN COLL**, was and still is a resident at 6399 Canterbury Way,

Zanesville, Ohio, in the State of Ohio.

**5.**      That defendant, **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL**

**SYSTEMS** was and still is a domestic corporation organized pursuant to the laws of the State of

New York.

**6**.      That defendant, **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS** was and still is a domestic corporation licensed to do business in the State of New York.

**7**.      That defendant, **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS** was and still is a domestic corporation transacting business in the State of New **York.**

**8**.      That defendant, **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS** is a duly organized foreign corporation transacting business in the State of New York.

**9**.      That defendant, **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** does and/or solicits business within the State of New York.

**10**.      That defendant, **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS** derives substantial revenue from the manufacturing of the plastic 2-wheeled cart waste collection system in operations in the City and State of New York.

**11**.      That defendant, **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** expected or should reasonably have expected its acts and business activities to have consequences within the State of New York.

**12**.      Upon information and belief **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** did and still does provide public and or private refuse removal and containerization services with the City of New York, with offices located at 12700 General Drive, Charlotte, North Carolina 28273.

**13**.      Upon information and belief **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** as providers of such public and private services, the

2

corporation is involved in the fabrication of Stationary on Street Containers known as 2-wheeled carts.

14. Upon knowledge, information, and belief, that defendant **BRIAN COLL** was and still is Chief Executive Officer of **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS.**

15. Upon knowledge, information, and belief that defendant **SHAWN McNEIL** was and still is Chief Financial Officer of **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS.**

16. Upon knowledge, information, and belief, that defendant **SHAWN WHITEMAN** was and still is Executive Vice President of **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS.**

17. Upon knowledge, information, and belief, that defendant **TRAVIS DOWELL** was and still is Vice President of Sales of **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS**

18. That on or before September 1, 2023, the above-mentioned individual defendants managed and procured businesses for the defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS**

19. That on or about October 2023 the **New York City Department of Sanitation,** made a **Solicitation # R104-R 2023-NYC-DSNY,** and or **Request for Proposal (RFP)** as part of a plan to get trash bags off the street of New York City,

20. On or about October 31, 2023, the New City Department of Sanitation sponsored a Video Conference to discuss the procedure for the application process of the **Solicitation # R104-R 2023-NYC-DSNY,** and or **Request for Proposal (RFP)**. During this Video Conference several companies participated including the Plaintiff **NEWTON BROWN, LLC.,** and the defendants **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS.**

3

21.     On or about November 1, 2023 the Plaintiff **NEWTON BROWN, LLC.,** contacted the defendants by e-mail to work on the **Solicitation # R104-R 2023-NYC-DSNY** (RFP)

22.     On or about November 7, 2023, the Plaintiff **NEWTON BROWN, LLC.,** and **TRAVIS DOWELL** on behalf **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** reached an oral agreement to work on **Solicitation # R104-R 2023-NYC-DSNY,** and or **Request for Proposal (RFP).** Thereafter the parties began working on the BID together.

23.     On or about November 7, 2023, the Plaintiff **NEWTON BROWN, LLC.,** and **TRAVIS DOWELL** on behalf **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS** had a team meeting to discuss the strategy for the **Solicitation # R104-R 2023-NYC-DSNY,** and or **Request for Proposal (RFP).**

24,     On or about November 16, 2023, the Plaintiff **NEWTON BROWN, LLC., Executive ANTONIUS ANGELINK,** traveled to defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS** offices located at 12700 General Drive, Charlotte, North Carolina 28273, to attend the SMART workshop. Plaintiff **NEWTON BROWN, LLC.,** introduced the Sustainable, Mindset, Access, Resources and Technology Vision and Concept to be incorporated into the **Solicitation # R104-R 2023-NYC-DSNY** (**RFP**). During this session, again, oral confirmation was made of the collaboration of **NEWTON BROWN, LLC.**

25.     On or about January 16, 2024, the Plaintiff **NEWTON BROWN, LLC.,** introduced **PRIMARY LOGISTICS** to defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** subsequently **PRIMARY LOGISTICS** sent a shipping/distribution quote, to the defendants.

26.     On or about January 18, 2024, the Plaintiff **NEWTON BROWN, LLC.,** met with individual defendants and defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS** to update the **Solicitation # R104-R 2023-NYC-DSNY,** and or **Request for Proposal (RFP)** and afterwards delivered the **Solicitation # R104-R 2023-NYC-**

4

**DSNY** in person with defendant **TRAVIS DOWELL** to the **New York City Department of Sanitation** Mr. Kurt Eng, the person authorized to receive the **BID**. Furthermore, on the front page of the BID proposal submission, the defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS** made mention of the collaboration of the Plaintiff **NEWTON BROWN, LLC.,**

27.    On or about January 20, 2024, the Plaintiff **NEWTON BROWN, LLC.,** sent more ideas for Solicitation **# R104-R 2023-NYC-DSNY** to the defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS via WhatsApp** with acknowledgment.

28.    On or about January 31, 2024, Plaintiff **NEWTON BROWN, LLC.,** Executives **ANTONIUS ANGELINK**, and **TASHIA ANGELINK** traveled to defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS'** factory in North Carolina to see the first sample of the City Bins.

29.    On or about February 2, 2024, the Plaintiff **NEWTON BROWN, LLC.,** requested and was authorized for the Kingston (RFP**)** another BID for upstate New York.

30.    On or about February 7, 2024, the Plaintiff **NEWTON BROWN, LLC.,** and defendants **BRIAN COLL, SHAWN McNEIL, SHAWN WHITEMAN, TRAVIS DOWELL**, had dinner for a meeting of the minds and oral acknowledgment of collaboration and the need for agreement, which defendant **BRIAN COLL**, specifically stated "do NOT undervalue your contribution."

31.    On or about February 8, 2024, the Plaintiff **NEWTON BROWN, LLC.,** Executive, **ANTONIUS ANGELINK,** picked up a sample of the bins at the factory in Charlotte, North Carolina to be transported to the New York City Department of Sanitation Office.

32.    On or about February 8, 2024, the Plaintiff **NEWTON BROWN, LLC.,** sent to the defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** documents included but not limited to Media strategy, NYC information, and Amazon Footprint.

5

**33**.      On or about February 14, 2024, the Plaintiff **NEWTON BROWN, LLC.,** sent to the defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** additional Media strategy, NYC information, and Amazon Footprint

**34**.      On or about February 14, 2024, the Plaintiff **NEWTON BROWN, LLC., p**articipated in the dry run project presentation by defendan**t DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS**

**35**.      On or about February 15, 2024, the defendan**t DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** created PowerPoint decks for meetings with the **New York City Department of Sanitation,** with information sent by plaintiff **NEWTON BROWN, LLC.,**

**36**.      On or about February 15, 2024, the Plaintiff **NEWTON BROWN, LLC.,** sent defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** data on housing and building types in New York City.

**37**.      On or about February 27, 2024, the Plaintiff **NEWTON BROWN, LLC.,** sent defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** proposal by e-mail for collaboration.

**38**.      On or about February 29, 2024, the defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS**, sent the counter-signed Non-Disclosure Agreement **(NDA**) back to the Plaintiff **NEWTON BROWN, LLC**.

**39**.      On or about March 4, 2024, the Plaintiff **NEWTON BROWN, LLC.,** requested feedback from the defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** by e-mail, on their proposal to create a solid foundation for their collaboration.

**40**.      On or about March 8, 2024, the Plaintiff **NEWTON BROWN, LLC.,** sent to the defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** an (RFP) for the stationery on street containers in New York.

**41**.      On or about March 8, 2024, the defendant **DURAMAX HOLDINGS. d/b/a OTTO**

6

**ENVIRONMENTAL SYSTEMS**, sent to the Plaintiff **NEWTON BROWN, LLC,** the draft of the concession Agreement with the **New York City Department of Sanitation.**

42.     On or about March 27, 2024, the Plaintiff **NEWTON BROWN, LLC.,** sent to the defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** an overview of activities, visits, and marketing.

43.     On or about March 27, 2024, the Plaintiff **NEWTON BROWN, LLC.,** Executives **ANTONIUS ANGELINK** and **TASHIA ANGELINK** were invited for a placeholder meeting with defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** representatives **TRAVIS DOWELL AND SHAWN WHITEMAN** via Teams meeting at 4pm**.**

44.     On or about March 27, 2024, defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** representative **SHAWN WHITEMAN** confirms again to the plaintiff the need for an agreement in writing as a priority.

45.     On or about April 2, 2024, defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** confirms to follow up later that week on the proposal that the Plaintiff **NEWTON BROWN, LLC** had sent to the defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** furthermore, the Plaintiff **NEWTON BROWN, LLC**., requested by e-mail further clarity of their proposal and all items they discussed the week before.

46.     On or about April 8, 2024, Plaintiff **NEWTON BROWN, LLC**., representative **ANTONIUS ANGELINK** was present at a **New York City Department of Sanitation** hearing in New York City where he met with **New York City Department of Sanitation** personnel, and afterwards, he had a sit-down with **Travis Dowell** and the team of Safe Waste, a company that provides safety lids for the refuse bins**.** An oral confirmation was made by Travis Dowell that an agreement will be sent to the Plaintiff **NEWTON BROWN, LLC**.

47.     On or about April 8, 2024, Plaintiff **NEWTON BROWN, LLC**.'s representative

7

**ANTONIUS ANGELINK** delivered into New York City 2 sample bins and explained details to **the New York City Department of Sanitation** officer at their office at Worth Street, Manhattan. This delivery was communicated and coordinated by **the New York City Department of Sanitation, Officer Frances Haass.**

48.     On or about April 9, 2024, defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** sent an e-mail requesting the Plaintiff **NEWTON BROWN, LLC** provide a title for their role in the **Solicitation # R104-R 2023-NYC-DSNY Bid.** The Plaintiff **NEWTON BROWN, LLC.,** stated to the defendants they should use **"Senior Advisor"** to describe the role plaintiffs provided in the creation and delivery of the BID.

49.     On or about April 10, 2024, Plaintiff **NEWTON BROWN, LLC**., sent a comprehensive response as requested by the defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** and **New York City Department of Sanitation** on the plaintiff's role for the rollout to the **New York City Bin.** During a public hearing on April 8, 2024, questions were addressed to the **New York City Department of Sanitation,** on behalf of the Borough President of Brooklyn, about Community Engagement, Inclusion and Diversity, and the role of Plaintiff **NEWTON BROWN, LLC**.

50.     On or about May 31, 2024, the Concession was awarded to the defendants and immediately thereafter, defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** sent a "thank you" email to plaintiffs for their work on being awarded the **BI**D.

51.     On or about July 1, 2024, Plaintiff **NEWTON BROWN, LLC**., representative **ANTONIUS ANGELINK** was at a Press Conference at Gracie Mansion in New York City **and** arranged, with the consent of staff, to take a picture with Mayor Adams, the Mayor of New York City regarding the awarding of the BID.

52.     On or about July 1, 2024, defendant **DURAMAX HOLDINGS. d/b/a OTTO**

8

ENVIRONMENTAL SYSTEMS, representative **TRAVIS DOWELL** was at a Press

Conference at Gracie Mansion in **New York City,** made a deceptive representation that an

agreement would be sent to the plaintiff **NEWTON BROWN, LLC**., which was further from

the truth, because the defendants never intended to follow through apparently.

**53.**     On or about July 1, 2024, defendant **DURAMAX HOLDINGS. d/b/a OTTO**

**ENVIRONMENTAL SYSTEMS,** representative **TRAVIS DOWELL, at** approximately 10

minutes after the conclusion of the Press Conference at Gracie Mansion in **New York City,**

approached the plaintiff **NEWTON BROWN, LLC**., representative **ANTONIUS ANGELINK**

made certain allegations that New York City Department of Sanitation was not amused by

**TRAVIS DOWELL** and **ANTONIUS ANGELINK** taking a picture with the mayor.

Furthermore, the defendant**, TRAVIS DOWELL,** requested that the Plaintiff not use these

pictures; the plaintiff was very surprised by Defendant **TRAVIS DOWELL's** position in this

matter. The Plaintiff **NEWTON BROWN, LLC**.'s representative forwarded the photo to the

defendant **TRAVIS DOWELL.**

**54.**     On or about July 30, 2024, Plaintiff **NEWTON BROWN, LLC.,** received a request for

an interview with Liam Quigley, a Reporter for WNYC/Gothamist, this request was sent to the

Defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** for

advice.

**55.**     On or about July 30, 2024, Plaintiff **NEWTON BROWN, LLC.,** received a termination

e-mail from Defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL**

**SYSTEMS,** representative **SHAWN WHITEMAN,** that Defendant **DURAMAX HOLDINGS.**

**d/b/a OTTO ENVIRONMENTAL SYSTEMS,** was withdrawing Plaintiff **NEWTON**

**BROWN, LLC.,** for all business in New York.

**56.**     The above defendants **DURAMAX HOLDINGS, LLC d/b/a/ OTTO**

**ENVIRONMENTAL SYSTEMS, BRIAN COLL, SHAWN McNEIL, SHAWN**

**WHITEMAN, TRAVIS DOWELL** failed to act in good faith from the moment that they initiated the oral agreement by failing to perfect the contract and kept prolonging the perfecting of the contract

57.     The above defendants, **DURAMAX HOLDINGS, LLC d/b/a/ OTTO ENVIRONMENTAL SYSTEMS, BRIAN COLL, SHAWN McNEIL, SHAWN WHITEMAN, TRAVIS DOWELL,** damaged the Plaintiff **NEWTON BROWN, LLC.,** reputation by denying or even stating to New York City Department of Sanitation that Plaintiff **NEWTON BROWN, LLC.,** is a valued Senior Advisor and partner collaborating with the defendant **DURAMAX HOLDINGS, LLC d/b/a/ OTTO ENVARONMENTAL SYSTEMS.**

58.     The above defendants, **DURAMAX HOLDINGS, LLC d/b/a/ OTTO ENVIRONMENTAL SYSTEMS, BRIAN COLL, SHAWN McNEIL, SHAWN WHITEMAN, TRAVIS DOWELL** lied as to the actual reason to exclude Plaintiff **NEWTON BROWN, LLC.,** from doing business with **DURAMAX HOLDINGS, LLC d/b/a/ OTTO ENVARONMENTAL SYSTEMS.**

59.     The defendant's **DURAMAX HOLDINGS, LLC d/b/a/ OTTO ENVIRONMENTAL SYSTEMS,** Vice President **TRAVIS DOWELL,** outrightly lied to t**he New York City Department of Sanitation** when he made dozens of oral statements in writing how important the partnership and great value and influence of the Plaintiff **NEWTON BROWN, LLC**., was for the defendant **DURAMAX HOLDINGS, LLC d/b/a/ OTTO ENVIRONMENTAL SYSTEMS,** in order to be awarded the BID**,** when they were blatantly deceiving **the New York City Department of Sanitation** and the Plaintiff **NEWTON BROWN, LLC**.

60.     Furthermore**,** the defendant's **DURAMAX HOLDINGS, LLC d/b/a/ OTTO ENVIRONMENTAL SYSTEMS, Chief Executive Officer BRIAN COLL,** maliciously and deceptively and intentionally during a dinner meeting in North Carolina stated that he was going to grant the Plaintiff **NEWTON BROWN, LLC**., great compensation and additional work

10

opportunity if the defendant **DURAMAX HOLDINGS, LLC d/b/a/ OTTO ENVIRONMENTAL SYSTEMS,** were to be awarded the **<u>BID,</u>** while this declaration was further from the truth.

61.     In addition to the above paragraph, the defendant's **DURAMAX HOLDINGS, LLC d/b/a/ OTTO ENVIRONMENTAL SYSTEMS,** Executive Vice President **SHAWN WHITEMAN**, outrightly lied to t**he New York City Department of Sanitation** and to the Plaintiff **NEWTON BROWN, LLC**., in a place maker meeting by e-mail that it was a priority to send an agreement to plaintiffs **NEWTON BROWN, LLC**., regarding their collaboration, while this was further from the truth, because of the greed and intent on collective defendants failure to execute the said agreement.

62.     Furthermore, the above defendants, **DURAMAX HOLDINGS, LLC d/b/a/ OTTO ENVIRONMENTAL SYSTEMS, BRIAN COLL, SHAWN McNEIL, SHAWN WHITEMAN, TRAVIS DOWELL,** not only deceived the Plaintiff **NEWTON BROWN, LLC.,** but used the plaintiff intellectual property to obtain the **<u>BID</u>** without compensating the plaintiff for the use of their intellectual property.

63.     Moreover, the above defendants **DURAMAX HOLDINGS, LLC d/b/a/ OTTO ENVIRONMENTAL SYSTEMS, BRIAN COLL, SHAWN McNEIL, SHAWN WHITEMAN, TRAVIS DOWELL,** defrauded **The City of New York** by utilizing a Minority Business Enterprise a certified company to gain access and influence, in total disregard for the legal consequences of their action. Minority Women Owned Business Fraud is a serious felony for which others in New York City have been criminally prosecuted.

64.     That the defendant **DURAMAX HOLDINGS. D/A/B OTTO ENVIRONMENTAL SYSTEMS,** through his agent, servant, and/or agent, did engage in a series of deceptive practices to obtain a successful BID from the City of New York and its Agencies the City of New York Department of Sanitation and defrauded plaintiffs in the process.

## AS FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS, DURAMAX HOLDINGS, LLC d/b/a/ OTTO ENVARONMENTAL SYSTEMS, BRIAN COLL, SHAWN McNEIL, SHAWN WHITEMAN, TRAVIS DOWELL BREACH OF CONTRACT

65.     Plaintiff **NEWTON BROWN, LLC.,** repeats, reiterates, and reallege every allegation

contained in paragraphs (of the complaint) numbered "1" through "64" inclusive, with

the same force and effect as though herein fully set forth at length.

66.     Upon information and belief since and for some time prior to September 1, 2023, the

defendant corporation has been and now is the manufacturer of a plastic 2-wheeled cart waste

collection system.

67.     On or about November 7, 2023, Plaintiff NEWTON BROWN, LLC., and TRAVIS

DOWELL, on behalf of **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL**

**SYSTEMS** had a team meeting to discuss the strategy for the **Solicitation # R104-R 2023-**

**NYC-DSNY,** and or **Request for Proposal (RFP).**

68.     Upon information and belief thereafter the meeting on November 7, 2023, plaintiff

**NEWTON BROWN, LLC.,** and the defendant **DURAMAX HOLDINGS. d/b/a OTTO**

**ENVIRONMENTAL SYSTEMS** and the individual defendants entered an oral contract for the

creation and submission of the BID to the City of New York DSNY.  Plaintiffs relied on that oral

contract to their detriment. Further, it was agreed the oral contract was to be memorialized in

writing at a proper date and time to be signed by the parties.

69.     The defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL**

**SYSTEMS** failed to act in good faith from the moment that they initiated the oral agreement by

failing to perfect the contract and they kept prolonging the perfecting of the contract, while they

used the plaintiffs time, resources and intellectual property knowing well they did not intend to

sign the said contract.  Plaintiffs offered to work on the BID with all defendants. Defendants

FILED: NEW YORK COUNTY CLERK 01/08/2025 03:28 PM
NYSCEF DOC. NO.

INDEX NO. 655810/2024
RECEIVED NYSCEF: 01/08/2025

Case 1:25-cv-01075-AT    Document 1-3    Filed 02/06/25    Page 14 of 77

accepted that offer and did, in fact, work extensively with plaintiffs. The consideration for the contract was the work and expertise plaintiffs had within their exclusive knowledge and control and that plaintiffs were a New York Minority Business Enterprise.  The parties agreed that plaintiff was to be paid for their services by participating financially in the money paid to defendant after the award of the BID. The BID was awarded, and defendants two months later breached the contract by refusing (after the BID was awarded) to pay plaintiffs or to further recognize their participation in the creation and awarding of the BID.

### AS FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS, DURAMAX HOLDINGS, LLC d/b/a/ OTTO ENVARONMENTAL SYSTEMS, BRIAN COLL, SHAWN McNEIL, SHAWN WHITEMAN, TRAVIS DOWELL, FOR QUANTUM MERIT

**70.**    Plaintiff **NEWTON BROWN, LLC.,** repeats, reiterates, and reallege each allegation contained in paragraphs (of the complaint) numbered "1" through "69" inclusive, with the same force and effect as though herein fully set forth at length.

**71.**    Furthermore, the defendant **DURAMAX HOLDINGS, LLC d/b/a/ OTTO ENVIRONMENTAL SYSTEMS,** that even though they used the plaintiff's time, resources, and intellectual property supplied to the defendant, the defendants failed to compensate the plaintiff after they successfully obtained the BID from the City of New York and New York City Department of Sanitation.  Plaintiffs are entitled to the value of the work and contribution to the successful BID in proportion and in accordance with the value gained to defendants by gaining the award of the BID. Defendants would not have been awarded the BID without the participation and intellectual property of plaintiffs and without the participation of a local New York City Minority Woman Owned Business Enterprise.

## AS FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS, DURAMAX HOLDINGS, LLC d/b/a/ OTTO ENVIRONMENTAL SYSTEMS, BRIAN COLL, SHAWN McNEIL, SHAWN WHITEMAN, TRAVIS DOWELL, FRAUD AGAINST PLAINTIFFS

**72.** Plaintiff **NEWTON BROWN, LLC.,** repeats, reiterates, and reallege each allegation contained in paragraphs (of the complaint) numbered "1" through "71" inclusive, with the same force and effect as though herein fully set forth at length.

**73.** Upon information and belief the defendant's **DURAMAX HOLDINGS, LLC d/b/a/ OTTO ENVARONMENTAL SYSTEMS,** Vice President **TRAVIS DOWELL,** outrightly lied to t**he New York City Department of Sanitation,** when he made dozens of oral statements in writing how important the partnership and great value and influence of the Plaintiff **NEWTON BROWN, LLC**., was for the defendant **DURAMAX HOLDINGS, LLC d/b/a/ OTTO ENVARONMENTAL SYSTEMS,** in order to be awarded the **BID,** when they were blatantly deceiving **the New York City Department of Sanitation** and the Plaintiff **NEWTON BROWN, LLC**., thus committing the said fraud by making material misrepresentation or omissions of fact, made by the defendants with knowledge of its falsity with intent to defraud; there was reasonable reliance of the part of the plaintiff and thus resulting in damaging the plaintiff.

**74.** Defendants committed a fraud against plaintiffs by representing to plaintiffs they would be compensated proportionately to the value of the BID once awarded, then later denying all financial compensation.

**75.** Plaintiffs are entitled to just compensation for this fraud and are entitled to punitive damages for the collective defendants' intentional frauds against plaintiffs.

14

### AS FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS, DURAMAX HOLDINGS, LLC d/b/a/ OTTO ENVIRONMENTAL SYSTEMS, BRIAN COLL, SHAWN McNEIL, SHAWN WHITEMAN, TRAVIS DOWELL, MWBE FRAUD AGAINST CITY OF NEW YORK

**76.**    Plaintiff **NEWTON BROWN, LLC.,** repeats, reiterates, and reallege each allegation contained in paragraphs (of the complaint) numbered "1" through "75" inclusive, with the same force and effect as though herein fully set forth at length.

**77.**    Defendants committed further fraud against the City of New York by falsely claiming to be aligned with a Minority Business Enterprise to gain the award of the BID, only to then, later, after the BID was awarded, deny the alignment with the Minority Business Enterprise.

**78.**    MWBE fraud is a crime for which others have been criminally prosecuted, as it is a crime to represent to the City of New York MWBE alignment when such alignment doesn't exist.

**79.**    Plaintiff has been damaged because of the Minority Women Business Enterprise Fraud committed by corporate and individual defendants and is due just compensation for being victims of that fraud and is entitled to punitive damages for the intentional fraud committed by defendants against the City of New York as plaintiffs are the victims of that fraud.

### AS FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS, DURAMAX HOLDINGS, LLC d/b/a/ OTTO ENVARONMENTAL SYSTEMS, BRIAN COLL, SHAWN McNEIL, SHAWN WHITEMAN, TRAVIS DOWELL, UNJUST ENRICHMENT/BREACH OF IMPLIED CONTRACT

**80.**    Plaintiff **NEWTON BROWN, LLC.,** repeats, reiterates, and alleges each allegation contained in paragraphs (of the complaint) numbered "1" through "79" inclusive, with the same force and effect as though herein fully set forth at length.

**81.**    That upon information and belief defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** unjustly enriched themselves when they were awarded th**e**

15

**BID** and maliciously enriched themselves at the expense of the Plaintiff **NEWTON BROWN, LLC.,** who had provided the defendants with all the documents, expertise**,** time, resources, and intellectual property supplied to the defendant, by the plaintiff, thus the defendant failed to compensate the plaintiff after they successfully obtained the BID from t**he City of New York and New York City Department of Sanitation,** by using false allegations and innuendos to suggest " the commissioner was extremely upset regarding some request to take picture with the mayor on the day of the cart rollout**."**

**82.**     The parties entered into an implied contract in fact.  Plaintiff was to provide its knowledge of New York City public systems and its MWBE status.  Defendant was to pay plaintiff for its work and expertise.

**83.**     Plaintiff relied on the collective defendants' representations and performed its portion of the contract.

**84.**     To date, defendants collectively never denied plaintiff performed their end of the contract and defendants only objected two months after the BID was awarded.

**85.**     The collective defendants have been unjustly enriched by utilizing plaintiff's time, expertise and knowledge of the New York City market and by using plaintiff's status as a Minority Woman Owned Business Enterprise, then denying them any compensation whatsoever.

**AS FOR SIXTH CAUSE OF ACTION AGAINST DEFENDANTS,
DURAMAX HOLDINGS, LLC d/b/a/ OTTO ENVIRONMENTAL SYSTEMS, BRIAN
COLL, SHAWN McNEIL, SHAWN WHITEMAN, TRAVIS DOWELL,
SPECIFIC PERFORMANCE**

**86.**     Plaintiff **NEWTON BROWN, LLC.,** repeats, reiterates, and reallege each allegation contained in paragraphs (of the complaint) numbered "1" through "85" inclusive, with the same force and effect as though herein fully set forth at length.

**87.**     That the defendant **DURAMAX HOLDINGS. D/A/B OTTO ENVIRONMENTAL**

16

**SYSTEMS** failed to fulfill its obligation by terminating its agreement with no legal basis whatsoever and with no compensation at all.  Plaintiff had already provided the defendants with all the documents, expertise**,** time, resources, and intellectual property supplied to the defendant, by the plaintiff, later the defendant failed to compensate the plaintiff after they successfully obtained the **BID** from the City of New York. Plaintiff is entitled to specific performance of the contract made between the parties that plaintiff would be paid in proportion to the work and value they provided to the award of the BID in proportion to the total value of the contract with the City of New York.

88.     By reason of the foregoing, plaintiff, **NEWTON BROWN, LLC.,** has been damaged and seeks compensation for said Breach of Contract, Quantum Merit, Fraud against the plaintiffs and as against the City of New York: Unjust Enrichment: and Specific Performance arising from the successful bid summitted to the City of New York by the parties for the manufacturing and delivery of residential refuse containers which was awarded to the defendants on May  31, 2024.

**WHEREFORE**, plaintiff **NEWTON BROWN, LLC.,** demands **JUDGEMENT** in the **FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT AGAINST DEFENDANTS DURAMAX HOLDINGS, LLC d/b/a/ OTTO ENVARONMENTAL SYSTEMS, BRIAN COLL, SHAWN McNEIL, SHAWN WHITEMAN, TRAVIS DOWEL**L demands JUDGMENT in the **SECOND CAUSE OF ACTION AGAINST DEFENDANTS** for **QUANTUM MERIT FRAUD** in the **THIRD CAUSE OF ACTION** against defendants, demands **JUDGMENT** for **FRAUD d**emands **JUDGEMENT** in the **FOURTH CAUSE OF ACTION**  for  **MWBE FRAUD AGAINST CITY OF NEW YORK**

 demands JUDGEMENT in the **FIFTH CAUSE OF ACTION BREACH OF IMPLIED CONTRACT** demands **JUDGMENT i**n the **SIXTH CAUSE OF ACTION SPECIFIC PERFORMANCE PLAINTIFF**, **NEWTON BROWN, LLC**., demands judgment against all the defendants, individually and severally against all individual and corporate defendants.

**WHEREFORE**, plaintiff **NEWTON BROWN, LLC.,** demands judgment and

compensation plus the costs of this action, which exceeds the jurisdictional limits of all lower

courts which otherwise have jurisdiction from the 31st day of May 2024, together with the cost

and disbursement of this action.

Dated: New York, New York
      January 8, 2024

*Robert Osuna*
_____
**ROBERT OSUNA, P.C.**
Attorney for Plaintiff(s)
11 Park Place, Suite 1100
New York, New York 10007
(212) 233-1033

**TO: STERNBACH, LAWLOR & RELLA LLP**
    Attorney for Defendants
    575 Fifth Avenue 14th Floor
    New York, New York 10017
    (212) 661-4040
    tdl@sternbach.com

## ATTORNEY VERIFICATION

**ROBERT OSUNA, ESQ**., an attorney at law duly admitted to practice before the courts of the State of New York, and not a party to this action, hereby affirms the following under penalty of perjury:

That he is the attorney for the plaintiff(s) in the above-entitled action, with offices located at 11 Park Place, Suite 1100, New York, New York 10007.  That he has read the foregoing **COMPLAINT** and knows the contents thereof.  That the same is true to his knowledge, except as to the matters stated to be alleged upon information and belief and as to those matters which he believes to be true.

That the reason this **Verification** is made by the deponent rather than the plaintiff(s) is because the plaintiff(s) are not at this time within the county of New York, which is the county where deponent has his office and plaintiff is a corporate entity.  Deponent further says that the grounds of his belief as to all matters in the Verified Complaint, not stated to be upon knowledge, are based upon information supplied by the plaintiff(s), books and records on file with counsel's office, public statements made by the parties and documents available to the public.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Affirmed

*Robert Osuna*
_____
**ROBERT OSUNA, ESQ.**

19

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
========================================X
**NEWTON BROWN, LLC.,**

          **Plaintiff(s),**

   **-against-**


**DURAMAX HOLDINGS. D/A/B OTTO ENVIRONMENTAL
SYSTEMS, BRIAN COLL, SHWN McNEIL, SHAWN
WHITEMAN, TRAVIS DOWELL**


          **Defendants.**


========================================X



========================================================

## VERIFIED COMPLAINT

========================================================


## LAW OFFICE OF ROBERT OSUNA, PC
Attorney for Plaintiff(s)
11 Park Place, Suite 1100
New York, New York 10007
(212) 233-1033

========================================================

20

Case 1:25-cv-01075-AT    Document 1-3    Filed 02/06/25    Page 22 of 77

*ROBERT OSUNA, P.C.*
*11 Park Place, Suite 1100, New York, New York 10007*
*(212) 233-1033*

# *EXHIBIT "A"*

 

January 18, 2024

Ms. Francesca Haas
Agency Contact
125 Worth St.
New York, NY 10013

Mr. Kirk Eng
Agency Chief Contracting Officer
44 Beaver Street, Room 403
New York, NY 10004

RE:  Solicitation #R104-R-2023 NYC-DSNY

Ms. Haas,

Mr. Eng,

Otto Environmental Systems, a waste industry pioneer, and a veteran-owned company, is pleased to present our proposal relative to Solicitation # R104-R-2023-NYC-DSNY, as part of the plan to get trash bags off the streets of New York City.  Otto Environmental pioneered the plastic 2-wheeled cart introduced in Europe in 1965 and is proud to offer this innovative waste collection technology as the "NYC Bin".  Still also, we have aligned with NYC's Newton Brown Urban Design, a NY State MBE (File ID 61539), and member of the Brooklyn Chamber of Commerce, to ensure a successful deployment of the "NYC Bins" for New York City.

Otto has extensive experience in the deployment of high-volume government contracts and is the exclusive pallet supplier to the U. S. Post Office.

On behalf of Otto Environmental Systems, we could not be more pleased to participate in this bid and look forward to offering the industry leading solutions proposed and outlined herein for New York City.

Sincerely,

Brian Coll
CEO

2

**NYC** Mayor's Office
of Contract Services

# Doing Business Data Form

To be completed by the City agency prior to distribution    Agency __SANITATION__    Transaction ID _____

**Check One**    **Transaction Type (check one)**

☒ Proposal  ☐ Award  ☒ Concession  ☐ Economic Development Agreement  ☐ Franchise  ☐ Grant  ☐ Pension Investment Contract  ☐ Contract

Any entity receiving, applying for or proposing on an award or agreement must complete a Doing Business Data Form (see Q&A sheet for more information). Please either type responses directly into this fillable form or print answers by hand in black ink, and be sure to fill out the certification box on the last page. Submission of a complete and accurate form is required for a proposal to be considered responsive or for any entity to receive an award or enter into an agreement.

This Data Form requires information to be provided on principal officers, owners and senior managers. The name, employer and title of each person identified on the Data Form will be included in a public database of people who do business with the City of New York, as will the organizations that own 10% or more of the entity. No other information reported on this form will be disclosed to the public. This Data Form is not related to the City's PASSPort registration or VENDEX requirements.

Please return the completed Data Form to the City office that supplied it. Please contact the Doing Business Accountability Project at DoingBusiness@mocs.nyc.gov or 212-788-8104 with any questions regarding this Data Form. Thank you for your cooperation.

*If you are completing this form by hand, please print clearly.*

## Entity Information

Entity EIN/TIN __87 - 3554844__    Entity Name __DURAMAX HOLDINGS LLC dba: OTTO ENVIRONMENTAL Systems__

**Filing Status**    **(Select One)**

*NEW: Data Forms submitted now must include the listing of organizations, as well as individuals, with 10% or more ownership of the entity. Until such certification of ownership is submitted through a change, new or update form, no change form will not be accepted.*

☒ Entity has never completed a Doing Business Data Form. Fill out the entire form.

☐ Change from previous Data Form dated _____. Fill out only those sections that have changed, and indicate the name of the persons who no longer hold positions with the entity.

☐ No Change from previous Data Form dated _____. Skip to the bottom of the last page.

Entity is a Non-Profit    ☐ Yes    ☒ No

Entity Type  ☐ Corporation (any type)  ☐ Joint Venture  ☒ LLC  ☐ Partnership (any type)  ☐ Sole Proprietor  ☐ Other (specify) _____

Address __12700 GENERAL DRIVE__

City __Charlotte__    State __NC__    Zip __28273__

Phone __800-795-6886__    E-mail __travis.Dowell @ otto-usa.com__

*Provide your e-mail address in order to receive notices regarding this form by e-mail.*

## Principal Officers

Please fill in the required identification information for each officer listed below. If the entity has no such officer or its equivalent, please check "This position does not exist." If the entity is filing a Change Form and the person listed is replacing someone who was previously disclosed, please check "This person replaced..." and fill in the name of the person being replaced so his/her name can be removed from the Doing Business Database, and indicate the date that the change became effective.

**Chief Executive Officer (CEO) or equivalent officer**    ☐ This position does not exist
*The highest ranking officer or manager, such as the President, Executive Director, Sole Proprietor or Chairperson of the Board.*

First Name __Brian Coll__    MI __    Last __Coll__    Birth Date (mm/dd/yy) ████████

Office Title __CEO, Owner__    Employer (if not employed by entity) _____

Home Address ████████████████████████

☐ This person replaced former CEO _____    on date _____

**Chief Financial Officer (CFO) or equivalent officer**    ☐ This position does not exist
*The highest ranking financial officer, such as the Treasurer, Comptroller, Financial Director or VP for Finance.*

First Name __Shawn__    MI __    Last __McNeil__    Birth Date (mm/dd/yy) ████████

Office Title __CFO__    Employer (if not employed by entity) _____

Home Address ████████████████████████

☐ This person replaced former CFO _____    on date _____

**Chief Operating Officer (COO) or equivalent officer**    ☐ This position does not exist
*The highest ranking operational officer, such as the Chief Planning Officer, Director of Operations or VP for Operations.*

First Name __Shawn__    MI __    Last __Whiteman__    Birth Date (mm/dd/yy) ████████

Office Title __Exec VP__    Employer (if not employed by entity) _____

Home Address ████████████████████████

☐ This person replaced former COO _____    on date _____

1/2018    *For information or assistance, please contact the Doing Business Accountability Project at DoingBusiness@mocs.nyc.gov or 212-788-8104.*

## Principal Owners

Please fill in the required identification information for all individuals or organizations that, through stock shares, partnership agreements or other means, own or control 10% or more of the entity. If no individual or organization owners exist, please check the appropriate box to indicate why and skip to the Senior Managers section. If the entity is owned by other companies that control 10% or more of the entity, fill in his/her name and write "See above." If the entity is filing a Change Form, list any individuals or organizations that are no longer owners at the bottom of this section. If more space is needed, attach additional pages labeled "Additional Owners."

There are no owners listed because (select one):
☐ The entity is not-for-profit    ☐ The entity is an individual    ☐ No individual or organization owns 10% or more of the entity

Other (explain) _____

### Individual Owners (who own or control 10% or more of the entity)

First Name __Brian__ MI ___ Last __Coll__ Birth Date (mm/dd/y ▮▮▮▮
Office Title __CEO, owner__ Employer (if not employed by entity)
Home Address ▮▮▮▮▮▮▮▮▮▮▮▮

First Name _____ MI ___ Last _____ Birth Date (mm/dd/yy) _____
Office Title _____ Employer (if not employed by entity) _____
Home Address _____

### Organization Owners (that own or control 10% or more of the entity)

Organization Name _____
Organization Name _____
Organization Name _____

### Remove the following previously-reported Principal Owners

Name _____ Removal Date _____
Name _____ Removal Date _____
Name _____ Removal Date _____

## Senior Managers

Please fill in the required identification information for all senior managers who oversee any of the entity's relevant transactions with the City (e.g., contract managers if this form is for a contract award/proposal, grant managers if for a grant, etc.). Senior managers include anyone who, either by title or duties, has substantial discretion and high-level oversight regarding the solicitation, letting or administration of any transaction with the City. At least one senior manager must be listed, or the Data Form will be considered incomplete. If a senior manager has been identified on a previous page, fill in his/her name and write "See above." If the entity is filing a Change Form, list individuals who are no longer senior managers at the bottom of this section. If more space is needed, attach additional pages labeled "Additional Senior Managers."

### Senior Managers

First Name __Travis__ MI ___ Last __Dowell__ Birth Date (mm/dd/y ▮▮▮▮
Office Title __VP Sales__ Employer (if not employed by entity)
Home Address ▮▮▮▮▮▮▮▮▮▮▮

First Name _____ MI ___ Last _____ Birth Date (mm/dd/yy) _____
Office Title _____ Employer (if not employed by entity) _____
Home Address _____

First Name _____ MI ___ Last _____ Birth Date (mm/dd/yy) _____
Office Title _____ Employer (if not employed by entity) _____
Home Address _____

### Remove the following previously-reported Senior Managers

Name _____ removal date _____
Name _____ removal date _____

### Certification

I certify that the information submitted on these two pages and ____ additional pages is accurate and complete. I understand that willful or fraudulent submission of a materially false statement may result in the entity being found non-responsible and therefore denied future City awards.

Name __Travis Dowell__ Title __VP Sales__
Entity Name __Duramax Holdings LLC__ Work Phone # __7048040806__
Signature __TonDowell__ Date __1/7/24__

Please return this form to the City agency that supplied it to you, not to the Doing Business Accountability Project.    Standard Form

*ROBERT OSUNA, P.C.*
*11 Park Place, Suite 1100, New York, New York 10007*
*(212) 233-1033*

# *EXHIBIT "B"*

INDEX NO. 655810/2024
RECEIVED NYSCEF: 01/08/2025

FILED: NEW YORK COUNTY CLERK 01/08/2025 03:28 PM
NYSCEF DOC. NO. 66659



Brainstorm session Otto – NBUD – Team Meeting 3/26/2024

INDEX NO. 655810/2024
RECEIVED NYSCEF: 01/08/2025
















FILED: NEW YORK COUNTY CLERK 01/08/2025 03:28 PM
NYSCEF DOC. NO. 9
INDEX NO. 655810/2024
RECEIVED NYSCEF: 01/08/2025



NEW NYC PROGRAM RESULTS IN SUMMONSES MAKING ENFORCEMENT HARMS





NEW NYC PROPOSAL SEVERAL MONTHS' NOTICE SO THAT ' BINS



NEW NYC PROPOSAL FOLLOWS UP WITH WARNINGS AND N BINS

INDEX NO. 655810/2024
RECEIVED NYSCEF: 01/08/2025



20th. November 2023



FILED: NEW YORK COUNTY CLERK 01/08/2025 03:28 PM
NYSCEF

INDEX NO. 655810/2024
RECEIVED NYSCEF: 01/08/2025
FILED: NEW YORK COUNTY CLERK 01/08/2025 03:28 PM
NYSCEF DOC. NO. 19

January 18th 2024





January 31st. 2024

INDEX NO. 6558810/2024
RECEIVED NYSCEF: 01/08/2025

FILED: NEW YORK COUNTY CLERK 01/08/2025 03:28 PM
NYSCEF DOC. NO. 9









INDEX NO. 655810/2024
RECEIVED NYSCEF: 01/08/2025





INDEX NO. 655810/2024
RECEIVED NYSCEF: 01/08/2025

FILED: NEW YORK COUNTY CLERK 01/08/2025 03:28 PM
NYSCEF DOC. NO. 9



INDEX NO. 655810/2024

RECEIVED NYSCEF: 01/08/2025

FILED: NEW YORK COUNTY CLERK 01/08/2025 03:28 PM

NYSCEF DOC. NO. 9

7th. and 8th. February 2024





INDEX NO. 658810/2024
RECEIVED NYSCEF: 01/08/2025
FILED: NEW YORK COUNTY CLERK 01/08/2025 03:28 PM
NYSCEF DOC. NO. 9

FILED: NEW YORK COUNTY CLERK 01/08/2025 03:28 PM
NYSCEF DOC. NO. 9



# Resources, for a better understanding

U.S. Census Bureau QuickFacts: New York city, New York

CAU - Community Boards (nyc.gov)

NYCResults2021generalMayor.pdf (electionatlas.nyc)

Mayor Adams, Sanitation Commissioner Tisch Announce Next Phase of War on Rats: All Businesses Must P | City of New York (nyc.gov)

https://www.holidays-info.com/united-states/holidays/new-york/

2023-2024 Jewish Holidays and Observances Calendar (jcouncil.org)

New York City Truck Routes (Map) | NYC Open Data (cityofnewyork.us)

FILED: NEW YORK COUNTY CLERK 01/08/2025 03:28 PM

NYSCEF DOC. NO. 9

**NBUD**
NEWTONBROWNURBANDESIGN

# Opportunities

"Grey Zones"

**BID AWARD 1 up to 9 units**

**3,200,000 (2024-2026)**

**+ 200,000 (added by DSNY March 2024)**

**+ upgrades finishes**

+ Sales of OTTO containers to Commercial businesses in general in NYC

+ Sales of OTTO containers to Medical/Hospitality/Educational communities (CUNY/SUNY), Public/Charter/Private School Systems NYC

+ Sales of OTTO containers to Governmental agencies/Governmental alliances/MTA/NY State agencies

**+ Support to OTTO in reference to the Awarded Bid**

**Sales of OTTO containers:**

**10 units – 30 units buildings**

**Sales of OTTO containers:**

Dog and Animal care

Kinder gardens

Financial institutions (Banks)

Retail stores

Grocery stores

Delis and Corner stores

Hair & Nail salons

Restaurant and Bars

31 units buildings and up RFP

FILED: NEW YORK COUNTY CLERK 01/08/2025 03:28 PM
NYSCEF DOC. NO. 9



# Newton Brown Urban Design - NBUD

- MBE certified vendor for the City of New York

- MBE certified vendor for the State of New York

- Exclusive Distributor in the USA for several site and street furnishings companies

- CAGE / PIP / DIP / Approved vendor for City of Atlanta, Houston, Los Angeles, Miami and Fort Lauderdale, COTA, Westchase District

- Ambassador and Member of the Brooklyn Chamber of Commerce

- Advisory Board CBEDC

- Cluster Member PIB Circular Neighborhoods in California

- Speaker NY Build, FEMA, IDF, AIA

- www.newtonbrownusa.com

- #nbudusa

FILED: NEW YORK COUNTY CLERK 01/08/2025 03:28 PM
NYSCEF DOC. NO. 9

# Expertise NBUD

- Sales Management
- Multilevel Network in NYC and NY State
- Product Management, Concept Design
- Design & Build
- Research & Development
- Engineering

- Sustainability
- SDG – ESG related topics

- Governmental Bid systems
- Governmental Affairs
- Advocating and Networking

- Compliance
- Operational Management and Logistics
- Financial Management
- Service Management
- Event Management

- Public Relations
- Social Media

- Speaking engagements
- Moderator and Panel
- #nbudusa
- www.newtonbrownusa.com

FILED: NEW YORK COUNTY CLERK 01/08/2025 03:28 PM
NYSCEF DOC. NO. 9



# Project locations 2013 – 2024 Highlights

- Brooklyn, NY
- Manhattan, NY
- Staten Island, NY
- Mamaroneck, NY
- Great Neck, NY
- Manhasset, NY
- Southampton, NY
- Kingston, NY
- Amonk, NY
- Boston, MA
- Aventura, FL
- North Miami, FL
- Fort Lauderdale, FL
- St. Louis, MO
- Philadelphia, PA

- Scarsdale, NY
- Dobs Ferry, NY
- Nyack, NY
- Hartsdale, NY
- White Plains, NY
- New Rochelle, NY
- Yonkers, NY
- Los Angeles, CA
- Santa Clarita, CA
- La Jola
- San Diego, CA
- Houston, TX
- Brookline, MA
- Hyattsville, MA
- Arlington, VA

INDEX NO. 655810/2024
RECEIVED NYSCEF: 01/08/2025



# Upon Contract Award

**We get the word out!**

Our Media strategy includes the below advertising:

- NY Times
- Metro (Subway & Transit riders)
- MTA/DOT (LINKNYC portals 4000+) www.linknyc.com
- Social Media: X, IG, Facebook, LinkedIn, TikTok
- Billboards Companies: Outfront Media - JC Decaux – Lamar

We will use Television & Radio and their social platforms:

- Good Morning America - ABC
- Fox & Friends - FOX
- CBS
- NBC

- Local TV and Radio Stations

• NYC Bin Production   • NYC Bin Ordering   • NYC Bin Delivery




INDEX NO. 655810/2024
RECEIVED NYSCEF: 01/08/2025



# Upon Contract Award

## We get the word out!

We will utilize the Borough Presidents offices for promotions and for support:

- Vito Fosella – Staten Island
- Antonio Reynoso – Brooklyn
- Donovan Richards – Queens
- Vanessa Gibson – The Bronx
- Mark Levine – Manhattan

We will utilize the Chambers of Commerce in NYC:

- CBEDC -Community Boards -Business Partners
- NYEDC -Community Centers -Governmental outlets

• NYC Bin Production  • NYC Bin Ordering  • NYC Bin Delivery



INDEX NO. 655810/2024
RECEIVED NYSCEF: 01/08/2025

FILED: NEW YORK COUNTY CLERK 01/08/2025 03:28 PM
NYSCEF DOC. NO. 9

# Upon Contract Award

## We make ordering bins easy!

There are 3 ways to order:

- Offer a "Smart Otto" ap.
- Offer a "Smart Otto" website.
- Offer a "Smart Otto" 1-800 Call Center Line

There is a secure payment portal:

- Credit Cards   - Venmo
- Debit Cards    - Pay Pal
- E-Check        - Google Pay
               - Apple Pay

• NYC Bin Production   • NYC Bin Ordering   • NYC Bin Delivery



INDEX NO. 655810/2024
RECEIVED NYSCEF: 01/08/2025



# Upon Contract Award

**We offer these ordering options!**

There are 2 ways to have a "NYC Waste Bin":

- Buy a bin

  One convenient invoice and payment receipt.

- Rent a bin

  One convenient invoice and payment receipt each month.

  Security Deposit.

• NYC Bin Production   • NYC Bin Ordering   • NYC Bin Delivery



FILED: NEW YORK COUNTY CLERK 01/08/2025 03:28 PM
NYSCEF DOC. NO. 9



# Upon Contract Award

**We receive the orders!**

Our operating system will supply a daily download:

Received Orders

Reply with "Order Received"
Provide a receipt, and estimated delivery date.
10 days out, provide:

"Your order is in process, and here is your scheduled delivery date."

Deliver the orders.



• NYC Bin Production   • NYC Bin Ordering   • NYC Bin Delivery



INDEX NO. 655810/2024
RECEIVED NYSCEF: 01/08/2025

FILED: NEW YORK COUNTY CLERK 01/08/2025 03:28 PM
NYSCEF DOC. NO. 9

# Upon Contract Award

**We deliver the orders!**

At order delivery, we will scan the NYC Waste Bin.

Delivered Orders

Scan at address upon delivery
Provide an email with "NYC Waste Bin Delivered"

Delivery is provided on an address-by-address basis.

The use of RFID technology in the NYC Waste Bins solves problems that we anticipate happening.

• NYC Bin Production   • NYC Bin Ordering   • NYC Bin Delivery



INDEX NO. 655810/2024
RECEIVED NYSCEF: 01/08/2025





INDEX NO. 655810/2024
RECEIVED NYSCEF: 01/08/2025



FILED: NEW YORK COUNTY CLERK 01/08/2025 03:28 PM
NYSCEF DOC. NO. 9





**Safety & Quality First**





*ROBERT OSUNA, P.C.*
*11 Park Place, Suite 1100, New York, New York 10007*
*(212) 233-1033*

# *EXHIBIT "C"*

## MUTUAL NON-DISCLOSURE AGREEMENT

This Agreement is made and entered into as of the last date signed below (the "Effective Date") by and between Duramax Holdings LLC, dba Otto Environmental Systems, having its principal place of business at 12700 General Drive, Charlotte, NC 28273, and Newton Brown LLC, dba Newton Brown having its principal business and with principal mailing address of The Yard Herald Square, 106 W. 32nd St., New York, NY 10001 (the "Second Party").

   WHEREAS Otto Environmental Systems, and the Second Party (the "Parties") have an interest in participating in discussions wherein either Party might share information with the other that the disclosing Party considers to be proprietary and confidential to itself ("Confidential Information"); and

   WHEREAS the Parties agree that Confidential Information of a Party might include, but not be limited to that Party's: (1) business plans, methods, and practices; (2) personnel, customers, and suppliers; (3) inventions, processes, methods, products, patent applications, and other proprietary rights; or (4) specifications, drawings, sketches, models, samples, tools, computer programs, technical information, or other related information;

   NOW, THEREFORE, the Parties agree as follows:

1. Either Party may disclose Confidential Information to the other Party in confidence provided that the disclosing Party identifies such information as proprietary and confidential either by marking it, in the case of written materials, or, in the case of information that is disclosed orally or written materials that are not marked, by notifying the other Party of the proprietary and confidential nature of the information, such notification to be done orally, by e-mail or written correspondence, or via other means of communication as might be appropriate.

2. When informed of the proprietary and confidential nature of Confidential Information that has been disclosed by the other Party, the receiving Party ("Recipient") shall, for the life of business dealings plus a period of three (3) years from the date of disclosure, refrain from disclosing such Confidential Information to any contractor or other third party without prior, written approval from the disclosing Party and shall protect such Confidential Information from inadvertent disclosure to a third party using the same care and diligence that the Recipient uses to protect its own proprietary and confidential information, but in no case less than reasonable care. The Recipient shall ensure that each of its employees, officers, directors, or agents who has access to Confidential Information disclosed under this Agreement is informed of its proprietary and confidential nature and is required to abide by the terms of this Agreement. The Recipient of Confidential Information disclosed under this Agreement shall promptly notify the disclosing Party of any disclosure of such Confidential Information in violation of this Agreement or of any subpoena or other legal process requiring production or disclosure of said Confidential Information.

3. All Confidential Information disclosed under this Agreement shall be and remain the property of the disclosing Party and nothing contained in this Agreement shall be construed as granting or conferring any rights to such Confidential Information on the other Party. The Recipient shall honor any request from the disclosing Party to promptly return or destroy all copies of Confidential Information disclosed under this Agreement and all notes related to such Confidential Information. The Parties agree that the disclosing Party will suffer irreparable injury if its Confidential Information is made public, released to a third party, or otherwise disclosed in breach of this Agreement and that the disclosing Party shall be entitled to obtain injunctive relief against a threatened breach or continuation of any such breach and, in the event of such breach, an award of actual and exemplary damages from any court of competent jurisdiction.

4. The terms of this Agreement shall not be construed to limit either Party's right to develop independently or acquire products without use of the other Party's Confidential Information. The disclosing party acknowledges that the Recipient may currently or in the future be developing information internally, or receiving information from

CONFIDENTIAL

## MUTUAL NON-DISCLOSURE AGREEMENT

other parties, that is similar to the Confidential Information. Nothing in this Agreement will prohibit the Recipient from developing or having developed for it products, concepts, systems, or techniques that are similar to or compete with the products, concepts, systems, or techniques contemplated by or embodied in the Confidential Information provided that the Recipient does not violate any of its obligations under this Agreement in connection with such development.

5. Notwithstanding the above, the Parties agree that information shall not be deemed Confidential Information and the Recipient shall have no obligation to hold in confidence such information, where such information: (a) Is already known to the Recipient, having been disclosed to the Recipient by a third party without such third party having an obligation of confidentiality to the disclosing Party; or (b) Is or becomes publicly known through no wrongful act of the Recipient, its employees, officers, directors, or agents; or (c) Is independently developed by the Recipient without reference to any Confidential Information disclosed hereunder; or (d) Is approved for release (and only to the extent so approved) by the disclosing Party; or (e) Is disclosed pursuant to the lawful requirement of a court or governmental agency or where required by operation of law.

6. Nothing in this Agreement shall be construed to constitute an agency, partnership, joint venture, or other similar relationship between the Parties.

7. Neither Party will, without prior approval of the other Party, make any public announcement of or otherwise disclose the existence or the terms of this Agreement.

8. This Agreement contains the entire agreement between the Parties and in no way creates an obligation for either Party to disclose information to the other Party or to enter into any other agreement.

9. This Agreement shall remain in effect for a period of two (2) years from the Effective Date unless otherwise terminated by either Party giving notice to the other of its desire to terminate this Agreement. The requirement to protect Confidential Information disclosed under this Agreement shall survive termination of this Agreement.

IN WITNESS WHEREOF:

Otto Environmental Systems:                          Newton Brown Urban Design:

_____                              _____
Signature          Date   2/29/24                    Signature        Date 2/29/24

*Tom Dowell*                                          *AM Agelink*

_____                              _____
Printed                                              Printed

Travis Dowell                                        Antonius Agelink

_____                              _____
Title                                                Title

VP Sales                                             CEO

CONFIDENTIAL

*ROBERT OSUNA, P.C.*
*11 Park Place, Suite 1100, New York, New York 10007*
*(212) 233-1033*

# *EXHIBIT "D"*

### DSNY - Bid information request

Sandra Abdow <Sandra.Abdow@otto-usa.com>

Tue 5/21/2024 11:40 AM

To:Antonius Agelink <antonius@newtonbrownusa.com>
Cc:Travis Dowell <Travis.Dowell@otto-usa.com>

Hello Antonius,

NYC is requesting Resumes from all key personnel participating in the "New York City Stationary On-Street Containers and Services for Waste Collection" Proposal.

Please provide your resume along with Latashia Agelink's to me as soon as possible.

Kind regards,

*Sandra Abdow*
Municipal Manager



**Sandra Abdow**

Municipal Manager
Mobile: **980 275 5457**
Email: **sandra.abdow@otto-usa.com**
otto-usa.com

PRIVILEGED AND CONFIDENTIAL: This electronic message and any attachments are confidential property of the sender and may also be privileged or otherwise protected by work product immunity or other legal rules. The information is intended only for the use of the person to whom it was addressed. Any other interception, copying, accessing, or disclosure of this message is prohibited. The sender takes no responsibility for any unauthorized reliance on this message. If you have received this message in error, please immediately notify the sender and purge the message you received. Thank you.

## Re: DSNY - Bid information request

Antonius Agelink <antonius@newtonbrownusa.com>

Tue 5/21/2024 12:46 PM

To:Sandra Abdow <Sandra.Abdow@otto-usa.com>
Cc:Travis Dowell <Travis.Dowell@otto-usa.com>

🔗 1 attachments (294 KB)
Resume Latashia and Antonius Agelink.pdf;

Here you go,

Please confirm receipt.

Best regards,
**Newton Brown Urban Design**
Antonius Agelink
CEO and Co-Founder & Partner
Phone direct: +1 347 879 4869
www.newtonbrownusa.com
antonius@newtonbrownusa.com
**An MBE Certified Company**
Local projects, global support
Think global, Act local, Be Smart

**Postal mail:**
Newton Brown Urban Design
The Yard: Herald Square
106 W 32nd. Street
New York, NY 10001
CAGE: 74A05 PIP/PassPort/SAM/FedBiz registered
#nbudusa @nbudusa

This document and the ideas, renderings and other contents contained therein are the sole property of Newton Brown LLC. and may not be disseminated, copied, reproduced, or otherwise used without prior written consent of Newton Brown LLC. The user recognizes that all data transmitted by electronic media, may contain undetected viruses, which can destroy or cause corruption to data. Accordingly, Newton Brown LLC, makes no warranties of computer data transferred by use of electronic media. Newton Brown Urban Design is a dba Newton Brown LLC.

Additional languages. | Ik spreek Nederlands. | Ich spreche Deutch. | Parla Italiano. | Parle Français

**From:** Antonius Agelink <antonius@newtonbrownusa.com>
**Sent:** Tuesday, May 21, 2024 11:57 AM
**To:** Sandra Abdow <Sandra.Abdow@otto-usa.com>
**Cc:** Travis Dowell <Travis.Dowell@otto-usa.com>
**Subject:** Re: DSNY - Bid information request

Will send the resumes after my meeting.

Best regards,
**Newton Brown Urban Design**

Antonius Agelink

CEO and Co-Founder & Partner

Phone direct: +1 347 879 4869

www.newtonbrownusa.com

antonius@newtonbrownusa.com

**An MBE Certified Company**

Local projects, global support

Think global, Act local, Be Smart

**Postal mail:**

Newton Brown Urban Design

The Yard: Herald Square

106 W 32nd. Street

New York, NY 10001

CAGE: 74A05 PIP/PassPort/SAM/FedBiz registered

#nbudusa @nbudusa

This document and the ideas, renderings and other contents contained therein are the sole property of Newton Brown LLC. and may not be disseminated, copied, reproduced, or otherwise used without prior written consent of Newton Brown LLC. The user recognizes that all data transmitted by electronic media, may contain undetected viruses, which can destroy or cause corruption to data. Accordingly, Newton Brown LLC, makes no warranties of computer data transferred by use of electronic media. Newton Brown Urban Design is a dba Newton Brown LLC.

Additional languages. | Ik spreek Nederlands. | Ich spreche Deutch. | Parla Italiano. | Parle Français.

---

**From:** Sandra Abdow <Sandra.Abdow@otto-usa.com>
**Sent:** Tuesday, May 21, 2024 11:40:33 AM
**To:** Antonius Agelink <antonius@newtonbrownusa.com>
**Cc:** Travis Dowell <Travis.Dowell@otto-usa.com>
**Subject:** DSNY - Bid information request

Hello Antonius,

NYC is requesting Resumes from all key personnel participating in the "New York City Stationary On-Street Containers and Services for Waste Collection" Proposal.

Please provide your resume along with Latashia Agelink's to me as soon as possible.

Kind regards,

*Sandra Abdow*

Municipal Manager



## Sandra Abdow

**Municipal Manager**
Mobile: **980 275 5457**
Email: **sandra.abdow@otto-usa.com**
otto-usa.com

PRIVILEGED AND CONFIDENTIAL: This electronic message and any attachments are confidential property of the sender and may also be privileged or otherwise protected by work product immunity or other legal rules. The information is intended only for the use of the person to whom it was addressed. Any other interception, copying, accessing, or disclosure of this message is prohibited. The sender takes no responsibility for any unauthorized reliance on this message. If you have received this message in error, please immediately notify the sender and purge the message you received. Thank you.

Case 1:25-cv-01075-AT    Document 1-3    Filed 02/06/25    Page 63 of 77

*ROBERT OSUNA, P.C.*
*11 Park Place, Suite 1100, New York, New York 10007*
*(212) 233-1033*

# *EXHIBIT "E"*

 **sanitation**

**Jessica S. Tisch**
Commissioner

**Kirk Eng**
Agency Chief Contracting Officer

44 Beaver Street
Room 201
New York, NY 10004
kieng@dsny.nyc.gov
212.437.5048

May 31, 2024

Shawn Whiteman
Duramax Holdings LLC DBA Otto Environmental Systems
12700 General Drive
Charlotte, NC 28273

**RE: Contract No.  CT1 827 20241416427 – Concession Agreement for City of New York Official Refuse and Recycling Bins (Citywide)**

Dear Mr. Whiteman:

The New York City Department of Sanitation would like to inform you that the above referenced Concession License contract has been registered and DSNY is requesting Commencement of work. The Concession License term is ten (10) years with two (2) five (5) year renewal options. The registered contract amount $1.00.  In lieu of direct compensation to the Department of Sanitation, the Concessionaire will provide bins directly to New York City residents at a discount over current retail prices for comparable products. The Concessionaire will offset operational costs typically incurred by the Department by offering a direct ordering website, help line, and direct delivery. The benefit to the Department is in the form of an accessible, affordable, uniform, and viable low-density residential containerization that allows for the efficient and mechanized collection of refuse and recycling by the Department.

Please coordinate all work with Ms. Francesca Haass at FHaass@dsny.nyc.gov

Sincerely,

*Pavel Rusinov*

Pavel Rusinov
DACCO

Case 1:25-cv-01075-AT    Document 1-3    Filed 02/06/25    Page 65 of 77

***ROBERT OSUNA, P.C.***
***11 Park Place, Suite 1100, New York, New York 10007***
***(212) 233-1033***

# ***EXHIBIT "F"***

Additional languages. | Ik spreek Nederlands. | Ich spreche Deutch. | Parla Italiano. | Parle Français.

---

**From:** Travis Dowell <Travis.Dowell@otto-usa.com>
**Sent:** Friday, May 31, 2024 12:01:31 PM
**To:** Antonius Agelink <antonius@newtonbrownusa.com>
**Subject:** FW: [EXTERNAL] INPUT: Duramax Holdings Concession Agreement - Signed

Hi Antonius,

Finally!

Thank you.

Regards,

Travis



## Travis Dowell

Vice President Sales, Waste Systems
Mobile: **704 804 0806**
Email: **travis.dowell@otto-usa.com**
otto-usa.com

---

**From:** Rusinov, Pavel (DSNY) <prusinov@dsny.nyc.gov>
**Sent:** Friday, May 31, 2024 11:08 AM
**To:** Travis Dowell <Travis.Dowell@otto-usa.com>
**Cc:** Eisenberg, Neil (DSNY) <NEisenberg@dsny.nyc.gov>; Haass, Francesca (DSNY) <FHaass@dsny.nyc.gov>; Antonelli, Joseph (DSNY) <JAntonelli@dsny.nyc.gov>; Sandra Abdow <Sandra.Abdow@otto-usa.com>; Shawn Whiteman <Shawn.Whiteman@otto-usa.com>; Eng, Kirk (DSNY) <Kieng@dsny.nyc.gov>
**Subject:** RE: [EXTERNAL] INPUT: Duramax Holdings Concession Agreement - Signed

**CAUTION: This email originated from outside of the organization. Do not follow guidance, click links, or open attachments unless you recognize the sender and know the content is safe.**
Hi Travis,

Please see attached.

Regards,

---

**Pavel Rusinov,**
Deputy Agency Chief Contracting Officer

NYC Department of Sanitation

212-437-5053 Cell: 347-231-2955 | nyc.gov/sanitation

New York's Strongest

## Re: [EXTERNAL] INPUT: Duramax Holdings Concession Agreement - Signed

Antonius Agelink <antonius@newtonbrownusa.com>

Fri 5/31/2024 12:09 PM

To:Travis Dowell <Travis.Dowell@otto-usa.com>

📎 2 attachments (2 MB)

Notice of Award and Commencement of work.pdf; 5.3 DSNY-Duramax Holdings Concession Agreement - signed - by both.pdf;

Congratulations to all!

FINALLY!

I guess, some champagne will be popped today.

We look forward to be officially recognized and to discuss the next steps.

We look forward to further discuss and receiving your proposal.

Best regards,

**Newton Brown Urban Design**

Antonius Agelink

CEO and Co-Founder & Partner

Phone direct: +1 347 879 4869

www.newtonbrownusa.com

antonius@newtonbrownusa.com

**An MBE Certified Company**

Local projects, global support

Think global, Act local, Be Smart

**Postal mail:**

Newton Brown Urban Design

The Yard: Herald Square

106 W 32nd. Street

New York, NY 10001

CAGE: 74A05 PIP/PassPort/SAM/FedBiz registered

#nbudusa @nbudusa

This document and the ideas, renderings and other contents contained therein are the sole property of Newton Brown LLC. and may not be disseminated, copied, reproduced, or otherwise used without prior written consent of Newton Brown LLC. The user recognizes that all data transmitted by electronic media, may contain undetected viruses, which can destroy or cause corruption to data. Accordingly, Newton Brown LLC, makes no warranties of computer data transferred by use of electronic media. Newton Brown Urban Design is a dba Newton Brown LLC.

Case 1:25-cv-01075-AT    Document 1-3    Filed 02/06/25    Page 68 of 77

**ROBERT OSUNA, P.C.**
**11 Park Place, Suite 1100, New York, New York 10007**
**(212) 233-1033**

# EXHIBIT "G"

Re: OTTO Bins

Shawn Whiteman <swhiteman@amdplastics.com>

Tue 7/30/2024 7:54 PM

To:Antonius Agelink <antonius@newtonbrownusa.com>

Antonius

I hope all is well. I do appreciate you sending over the information.

On a different note, and I'd be glad to have a call regarding this, I need to make it clear that we cannot have any involvement from you with regard to any of the New York contracts.

I don't know the politics, I wasn't there, but the commissioner was extremely upset regarding some request to take pictures with the mayor on the day of the cart roll out.

We were told in no uncertain terms that we as a company will never do anything like that again,  She also made reference to the gentleman with Travis, which was you,  that she had  no idea you were. and does not want that person to be seen associated with this project again.

As I mentioned, I don't know the politics, but it was apparent you nor Travis did either. Therefore, I need to request no further contact regarding any project related to New York.

I am not exaggerating the turbulence this caused and we cannot risk another incident like that again.

I'm sorry there was not an opportunity for your relationships to have a benefit for us,  and due to recent events, we can no longer explore that option.

I wish you the best of luck in the future.

Sincerely

Shawn

Get Outlook for iOS

**From:** Antonius Agelink <antonius@newtonbrownusa.com>
**Sent:** Tuesday, July 30, 2024 11:35:54 AM
**To:** Shawn Whiteman <Shawn.Whiteman@otto-usa.com>; Brian Coll <Brian.Coll@otto-usa.com>
**Cc:** Travis Dowell <Travis.Dowell@otto-usa.com>
**Subject:** Fw: OTTO Bins

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

**CAUTION: This email originated from outside of the organization. Do not follow guidance, click links, or open attachments unless you recognize the sender and know the content is safe.**

For your awareness, we received the email below, should we have them contacting you directly? We will continue to forward such communications.

Please advise,

Best regards,
**Newton Brown Urban Design**
Antonius Agelink
CEO and Co-Founder & Partner
Phone direct: +1 347 879 4869
www.newtonbrownusa.com
antonius@newtonbrownusa.com
**An MBE Certified Company**
Local projects, global support
Think global, Act local, Be Smart

**Postal mail:**
Newton Brown Urban Design
The Yard: Herald Square
106 W 32nd. Street
New York, NY 10001
CAGE: 74A05 PIP/PassPort/SAM/FedBiz registered
#nbudusa @nbudusa

This document and the ideas, renderings and other contents contained therein are the sole property of Newton Brown LLC. and may not be disseminated, copied, reproduced, or otherwise used without prior written consent of Newton Brown LLC. The user recognizes that all data transmitted by electronic media, may contain undetected viruses, which can destroy or cause corruption to data. Accordingly, Newton Brown LLC, makes no warranties of computer data transferred by use of electronic media. Newton Brown Urban Design is a dba Newton Brown LLC.

Additional languages. | Ik spreek Nederlands. | Ich spreche Deutch. | Parla Italiano. | Parle Français

**From:** Liam Quigley <lquigley@wnyc.org>
**Sent:** Tuesday, July 30, 2024 10:54 AM
**To:** Antonius Agelink <antonius@newtonbrownusa.com>
**Subject:** OTTO Bins

Good morning,

I cover sanitation for WNYC / Gothamist. Are you the point of contact for OTTO in NYC? Would be great to connect just to talk. I'm very eager to keep covering the bin rollout closely.

I'm here and at 646-321-2528

Yours,

Liam Quigley
Reporter, WNYC/Gothamist
he/him/his
+1 929-687-1693 (Cell/Signal)

PRIVILEGED AND CONFIDENTIAL: This electronic message and any attachments are confidential property of the sender and may also be privileged or otherwise protected by work product immunity or other legal rules. The information is intended only for the use of the person to whom it was addressed. Any other interception, copying, accessing, or disclosure of this message is prohibited. The sender takes no responsibility for any unauthorized reliance on this message. If you have received this message in error, please immediately notify the sender and purge the message you received. Thank you.

Case 1:25-cv-01075-AT    Document 1-3    Filed 02/06/25    Page 72 of 77

**ROBERT OSUNA, P.C.**
**11 Park Place, Suite 1100, New York, New York 10007**
**(212) 233-1033**

# EXHIBIT H



English

NEWS • PRESS RELEASES

# D.A. Bragg Announces Guilty Plea of Executive And Company in Wide-Ranging Construction Fraud

JANUARY 9, 2024

Manhattan District Attorney Alvin L. Bragg, Jr., today announced the guilty pleas of LAWRENCE WECKER, 83, and his company JM3 CONSTRUCTION LLC, for engaging in multiple criminal schemes to increase revenues to the detriment of its workers and fair market competition within the construction industry. WECKER pleaded guilty in New York State Supreme Court to Enterprise Corruption and Attempted Criminal Possession of a Weapon in the Second Degree for fraudulently using minority and women-owned business enterprises as pass-through entities to wrongfully obtain contracts for affordable housing developments, diverting and stealing money related to a New York County construction project, bribing a construction executive in order to obtain a contract, and other forms of corruption. His company, JM3 CONSTRUCTION LLC, pleaded guilty to Scheme to Defraud in the First Degree.

Subcontractor JACG Construction LLC and its owner JOSEPH GUINTA, 48, also pleaded guilty today to one count each of Insurance Fraud in the Third Degree for their role in WECKER's enterprise. WECKER is expected to be sentenced to a promised 2-to-6 years in state prison on April 30, 2024, when GUINTA will be sentenced on March 12, 2024, to a promised sentence of 6 months in jail and 3 years of probation and will be required to make restitution of $150,000 to the New York State Insurance Fund ("NYSIF"). The charges against an additional six individuals and four companies charged in the New York State Supreme Court indictments remain open and pending.

"By corrupting the market, Lawrence Wecker and Joseph Guinta [...] legitimate MWBEs and smaller contractors of the chance to do b[...] New York," said **District Attorney Bragg**. "These defendants engaged in

## Our Work

## News

MEDIA COVERAGE

PRESS RELEASES

NEWSLETTERS

DATA

REMARKS

VIDEO

## Victim Resources

## Careers

## About the Office

## Contact Us

SEARCH

multiple types of fraud and corruption, from committing insurance fraud to doling cash bribes. We will not tolerate fraud in the construction industry, particularly at the expense of New York's workers."

**DOI Commissioner Jocelyn E. Strauber said,** "These defendants engaged in an array of criminal schemes to exploit their workers and the City's Minority and Women-Owned Business Enterprises (M/WBEs) program, and to fraudulently obtain contracts to build affordable housing in New York City; today they acknowledge and are held accountable for their crimes.  DOI thanks the Manhattan District Attorney's Office and all our partners on this important prosecution for their commitment to combat construction fraud in New York City, to protect the City's initiatives to develop affordable housing, and to advance legitimate M/WBEs."

According to court records and as admitted in the defendants' guilty pleas, WECKER owned and operated JM3 CONSTRUCTION LLC, a large, non-union drywall and carpentry company that specialized in government-subsidized affordable housing projects in Manhattan and the greater New York City area. WECKER, with assistance a codefendant, directed business operations including:

- Reporting truthful information about JM3's use of Minority and Women-Owned Business Enterprises (M/WBE) subcontractors and suppliers to city and state agencies.
- Providing truthful payroll information for workers' compensation insurance purposes.
- Giving accurate accounting information to clients.
- Properly paying subcontractors.

From 2015 through 2021, the JM3 CONSTRUCTION ENTERPRISE engaged in numerous criminal schemes, including falsifying the business records related to the large, multi-million-dollar cash payrolls of JM3 CONSTRUCTION LLC and subcontracting companies including JACG CONSTRUCTION LLC, led by GUINTA.

During the course of the investigation, JM3 CONSTRUCTION LLC's cash payroll typically amounted to $150,000 a week, which also included the company making large, weekly cash payments to certain subcontractors, including GUINTA. None of the cash was reported to the companies' workers' compensation insurance providers or tax authorities. The companies and their owners also took steps to hide and cover up workers' injuries so that clients and insurance providers would not discover the cash payroll.

JACG CONSTRUCTION LLC had workers' compensation insurance policies

through NYSIF. It made false statements to NYSIF about the company's workforce size and payroll amounts, defrauding NYSIF of significant premiums.

The JM3 CONSTRUCTION ENTERPRISE engaged in a pervasive and multi-faceted M/WBE fraud scheme to obtain lucrative, government-subsidized affordable housing contracts. This involved falsifying business records and offering false instruments for filing with governmental entities (the New York City Department of Housing Preservation and Development and the New York State Department of Homes and Community Renewal) to make it appear that M/WBE firms were providing goods and services on projects. In fact, JM3 CONSTRUCTION LLC and/or other non-M/WBE firms provided the goods and services.



Among the projects in which the JM3 CONSTRUCTION ENTERPRISE engaged in M/WBE fraud were:

- National Urban League, 126 West 126th Street, Manhattan
- The Fountains, 888 Fountain Avenue, Brooklyn
- Vital Brookdale, 535 East 98th Street, Brooklyn
- 79 Avenue D, Manhattan
- Via Vyse, 1812 Vyse Avenue, Bronx
- Story Avenue East, 1520 Story Avenue, Bronx
- 14 LeCount Place, New Rochelle

Furthermore, JM3 CONSTRUCTION LLC, WECKER paid owners of M/WBEs cash payments to secure business for JM3 CONSTRUCTION LLC, and to falsify records to claim that the M/WBEs would provide carpentry work they were wholly unqualified to perform. WECKER and the JM3 CONSTRUCTION ENTERPRISE also stole money from their subcontractors and falsified related business records in connection with these thefts. Finally, they also rigged construction project bids to ensure that JM3 CONSTRUCTION LLC was awarded projects with inflated amounts to cover substantial bribes.

Assistant D.A.s James J. Hanley and Zachary Weintraub are handling the prosecution of these cases under the supervision of Assistant D.A.s Michael Ohm (Deputy Chief of the Rackets Bureau), Judy Salwen (Principal Deputy Chief of the Rackets Bureau) and Jodie Kane (Chief of the Rackets Bureau and Acting Chief of the Investigation Division).

Assistant D.A. Jaime Hickey-Mendoza assisted with the investigations. Investigations were conducted by former Rackets Senior Investigator Amary Bauza, Rackets Senior Investigator Samuel Morales, Investigators Genesis

Cornielle, Danielle Diaz and May Dempsey, and Sgt. Daniel Clark-El. Trial Preparation Assistants Yanisa Campusano, Samantha Kritzer, and Carla Gemelli assisted with the investigation. Investigative support also came from the High Technology Analysis Unit (Director Steven Moran, Supervising Computer Forensic Analyst Douglas Daus, and Cyber Response Investigator Laurence Hayes) and Forensic Accounting & Financial Investigations Bureau (Senior Financial Investigator Nicholas Cangro and Forensic Accountant Investigator Edward Keegan). The Manhattan District Attorney's Office's Language Services Unit provided valuable support. Former Principal Financial Investigator Robert Ryan, Investigative Analysis Philetus Holt, and former Trial Preparation Assistants Nicholas Quinn and Eleanor Bock also assisted.

D.A. Bragg thanked the New York State Insurance Fund, especially Jennifer Silver, Director of Investigations, NYSIF Division of Confidential Investigations; Senior Investigator Elaine Leach Investigator Dominick Raspante; and Senior Auditor Granville Mo. D.A. Bragg also thanked Assistant Commissioner Dhanraj Singh of the New York City Department of Housing Preservation and Development (HPD), Assistant Vice President Veronica Flanders and Counsel Mark Palomino of the  New York State Division of Housing and Community Renewal, and Senior Counsel Simon Wynn of the Empire State Development Corp. D.A. Bragg also thanks the New York City Department of Investigation, especially Investigative Attorney Marc Assa and Chief Investigator James McElligott, under the supervision of Inspectors General Michael Morris and Gregory Cho, Deputy Commissioner/Chief of Investigations Dominick Zarrella and Christopher Ryan, Deputy Commissioner of Strategic Initiatives.


*Defendant Information*

LAWRENCE WECKER

Convicted:

- Enterprise Corruption, a class B felony, one count
- Attempted Criminal Possession of a Weapon in the Second Degree, a class D felony, one count

JM3 CONSTRUCTION LLC

Convicted:

- Scheme to Defraud in the First Degree, a class E felony, one count

JOSEPH GUINTA

Convicted:

- Insurance Fraud in the Third Degree, a class D felony, one count

JACG CONSTRUCTION LLC

Convicted:

- Insurance Fraud in the Third Degree, a class D felony, one count

###




 Manhattan District Attorney's Office

**MAIN OFFICE**
One Hogan Place
New York, NY 10013
**212.335.9000**

**HARLEM OFFICE**
163 West 125th Street
New York, NY 10027
**212.864.7884**

**WASHINGTON HEIGHTS OFFICE**
530 West 166th Street, Suite 600A
New York, NY 10032
**212.335.3320**

ABOUT THE OFFICE

OUR WORK

ACCESSIBILITY STATEMENT

NEWS

VICTIM RESOURCES

ESPANOL    繁體中文

CONTACT US

CAREERS & TRAINING

Keep up with us! Sign up for our newsletter.

SIGN UP