**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **NEWTON BROWN, LLC** | Civil Action No. 1:25-CV-1075 |
| Plaintiff**,** | |
| -against- | |
| | **NOTICE OF REMOVAL** |
| **DURAMAX HOLDINGS, LLC d/b/a OTTO ENVIRONMENTAL SYSTEMS, BRIAN COLL, SHAWN McNEIL, SHAWN WHITEMAN, and TRAVIS DOWELL,** | |
| Defendants. | |

# **EXHIBIT D**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
————————————————————————————X   Index No.: 655810 /2024

**NEWTON BROWN, LLC.,**                                    Date Purchased:11/1/24

                                    Plaintiff (s),

                                    **VERIFIED COMPLAINT**

            -against-

**DURAMAX HOLDINGS, LLC d/b/a/**
**OTTO ENVIRONMENTAL SYSTEMS, BRIAN COLL,**
**SHAWN McNEIL, SHAWN WHITEMAN, TRAVIS DOWELL,**

                    **Defendant(s).**
————————————————————————————X

        Plaintiffs **NEWTON BROWN, LLC.,** by their attorneys **ROBERT OSUNA, P.C.,** as

and for a Verified Complaint alleges respectfully and states as follows:

**1**. That always hereinafter mentioned plaintiff **NEWTON BROWN, LLC,** whose office is

located at 106 W. 32nd Street, New York, New York 10001 was and still is a Limited Liability

Corporation authorized to business in the City and State of New York, County of New York.

**2.**        That always hereinafter mentioned plaintiff **NEWTON BROWN, LLC.,** whose office is

located 106 W.32nd Street New York, New York 10001 was and still is a Minority Business

Enterprise (File ID 61539) of the City and State of New York, County of New York

**3.**        That Defendant, **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL**

**SYSTEMS** was and still is a foreign corporation duly authorized to do business in the State of

New York with offices at 12700 General Drive, Charlotte, North Carolina 28273, in the County

of New York.

**4.**        That the defendant, **BRIAN COLL**, was and still is a resident at 6399 Canterbury Way,

Zanesville, Ohio, in the State of Ohio.

**5.**        That defendant, **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL**

**SYSTEMS** was and still is a domestic corporation organized pursuant to the laws of the State of

New York.

**6.**      That defendant, **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS** was and still is a domestic corporation licensed to do business in the State of New York.

**7.**      That defendant, **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS** was and still is a domestic corporation transacting business in the State of New **York.**

**8.**      That defendant, **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS** is a duly organized foreign corporation transacting business in the State of New York.

**9.**      That defendant, **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** does and/or solicits business within the State of New York.

**10.**     That defendant, **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS** derives substantial revenue from the manufacturing of the plastic 2-wheeled cart waste collection system in operations in the City and State of New York.

**11.**     That defendant, **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** expected or should reasonably have expected its acts and business activities to have consequences within the State of New York.

**12.**     Upon information and belief **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** did and still does provide public and or private refuse removal and containerization services with the City of New York, with offices located at 12700 General Drive, Charlotte, North Carolina 28273.

**13.**     Upon information and belief **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** as providers of such public and private services, the

2

Case 1:25-cv-01075-AT    Document 1-4    Filed 02/06/25    Page 4 of 21
INDEX NO. 655810/2024
RECEIVED NYSCEF: 01/21/2025

corporation is involved in the fabrication of Stationary on Street Containers known as 2-wheeled carts.

**14.**     Upon knowledge, information, and belief, that defendant **BRIAN COLL** was and still is Chief Executive Officer of **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS.**

**15**.     Upon knowledge, information, and belief that defendant **SHAWN McNEIL** was and still is Chief Financial Officer of **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS.**

**16.**     Upon knowledge, information, and belief, that defendant **SHAWN WHITEMAN** was and still is Executive Vice President of **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS.**

**17.**     Upon knowledge, information, and belief, that defendant **TRAVIS DOWELL** was and still is Vice President of Sales of **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS**

**18.**     That on or before September 1, 2023, the above-mentioned individual defendants managed and procured businesses for the defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS**

**19**.     That on or about October 2023 the **New York City Department of Sanitation,** made a **Solicitation # R104-R 2023-NYC-DSNY,** and or **Request for Proposal (RFP)** as part of a plan to get trash bags off the street of New York City,

 **20.**     On or about October 31, 2023, the New City Department of Sanitation sponsored a Video Conference to discuss the procedure for the application process of the **Solicitation # R104-R 2023-NYC-DSNY,** and or **Request for Proposal (RFP)**. During this Video Conference several companies participated including the Plaintiff **NEWTON BROWN, LLC.,** and the defendants **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS.**

3

21.     On or about November1, 2023 the Plaintiff **NEWTON BROWN, LLC.,** contacted the defendants by e-mail to work on the **Solicitation # R104-R 2023-NYC-DSNY** (RFP)

22.     On or about November 7, 2023, the Plaintiff **NEWTON BROWN, LLC.,** and **TRAVIS DOWELL** on behalf **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** reached an oral agreement to work on **Solicitation # R104-R 2023-NYC-DSNY,** and or **Request for Proposal (RFP).**  Thereafter the parties began working on the BID together.

23.     On or about November 7, 2023, the Plaintiff **NEWTON BROWN, LLC.,** and **TRAVIS DOWELL** on behalf **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS** had a team meeting to discuss the strategy for the **Solicitation # R104-R 2023-NYC-DSNY,** and or **Request for Proposal (RFP).**

24,     On or about November 16, 2023, the Plaintiff **NEWTON BROWN, LLC., Executive ANTONIUS AGELINK,** traveled to defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS** offices located at 12700 General Drive, Charlotte, North Carolina 28273, to attend the SMART workshop. Plaintiff **NEWTON BROWN, LLC.,** introduced the Sustainable, Mindset, Access, Resources and Technology Vision and Concept to be incorporated into th**e Solicitation # R104-R 2023-NYC-DSNY** (**RFP**). During this session, again, oral confirmation was made of the collaboration of **NEWTON BROWN, LLC.**

25.     On or about January 16, 2024, the Plaintiff **NEWTON BROWN, LLC.,** introduced **PRIMARY LOGISTICS** to defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** subsequently **PRIMARY LOGISTICS** sent a shipping/distribution quote, to the defendants.

26.     On or about January 18, 2024, the Plaintiff **NEWTON BROWN, LLC.,** met with individual defendants and defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS** to update the **Solicitation # R104-R 2023-NYC-DSNY,** and or **Request for Proposal (RFP)** and afterwards delivered the **Solicitation # R104-R 2023-NYC-**

4

**DSNY** in person with defendant **TRAVIS DOWELL** to the **New York City Department of Sanitation** Mr. Kurt Eng, the person authorized to receive the **BID**. Furthermore, on the front page of the BID proposal submission, the defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS** made mention of the collaboration of the Plaintiff **NEWTON BROWN, LLC.,**

**27**.       On or about January 20, 2024, the Plaintiff **NEWTON BROWN, LLC.,** sent more ideas for Solicitation **# R104-R 2023-NYC-DSNY** to the defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS via WhatsApp** with acknowledgment.

**28**.       On or about January 31, 2024, Plaintiff **NEWTON BROWN, LLC.,** Executives **ANTONIUS AGELINK**, and **LATASHIA AGELINK** traveled to defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS**' factory in North Carolina to see the first sample of the City Bins.

**29**.       On or about February 2, 2024, the Plaintiff **NEWTON BROWN, LLC.,** requested and was authorized for the Kingston (RFP**)** another BID for upstate New York.

**30**.       On or about February 7, 2024, the Plaintiff **NEWTON BROWN, LLC.,** and defendants **BRIAN COLL, SHAWN McNEIL, SHAWN WHITEMAN, TRAVIS DOWELL**, had dinner for a meeting of the minds and oral acknowledgment of collaboration and the need for agreement, which defendant **BRIAN COLL**, specifically stated "do NOT undervalue your contribution."

**31**.       On or about February 8, 2024, the Plaintiff **NEWTON BROWN, LLC.,** Executive, **ANTONIUS AGELINK,** picked up a sample of the bins at the factory in Charlotte, North Carolina to be transported to the New York City Department of Sanitation Office.

**32**.       On or about February 8, 2024, the Plaintiff **NEWTON BROWN, LLC.,** sent to the defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** documents included but not limited to Media strategy, NYC information, and Amazon Footprint.

5

INDEX NO. 655810/2024

RECEIVED NYSCEF: 01/21/2025

**33**.      On or about February 14, 2024, the Plaintiff **NEWTON BROWN, LLC.,** sent to the defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** additional Media strategy, NYC information, and Amazon Footprint

**34**.      On or about February 14, 2024, the Plaintiff **NEWTON BROWN, LLC., p**articipated in the dry run project presentation by defendan**t DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS**

**35.**      On or about February 15, 2024, the defendan**t DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** created PowerPoint decks for meetings with the **New York City Department of Sanitation,** with information sent by plaintiff **NEWTON BROWN, LLC.,**

**36.**      On or about February 15, 2024, the Plaintiff **NEWTON BROWN, LLC.,** sent defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** data on housing and building types in New York City.

**37.**      On or about February 27, 2024, the Plaintiff **NEWTON BROWN, LLC.,** sent defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** proposal by e-mail for collaboration.

**38.**      On or about February 29, 2024, the defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS**, sent the counter-signed Non-Disclosure Agreement (**NDA**) back to the Plaintiff **NEWTON BROWN, LLC**.

**39.**      On or about March 4, 2024, the Plaintiff **NEWTON BROWN, LLC.,** requested feedback from the defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** by e-mail, on their proposal to create a solid foundation for their collaboration.

**40.**      On or about March 8, 2024, the Plaintiff **NEWTON BROWN, LLC.,** sent to the defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** an (RFP) for the stationery on street containers in New York.

**41.**      On or about March 8, 2024, the defendant **DURAMAX HOLDINGS. d/b/a OTTO**

6

**ENVIRONMENTAL SYSTEMS**, sent to the Plaintiff **NEWTON BROWN, LLC,** the draft of the concession Agreement with the **New York City Department of Sanitation.**

42.     On or about March 27, 2024, the Plaintiff **NEWTON BROWN, LLC.,** sent to the defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** an overview of activities, visits, and marketing.

43.     On or about March 27, 2024, the Plaintiff **NEWTON BROWN, LLC.,** Executives **ANTONIUS AGELINK** and **LATASHIA AGELINK** were invited for a placeholder meeting with defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** representatives **TRAVIS DOWELL AND SHAWN WHITEMAN** via Teams meeting at 4pm**.**

44.     On or about March 27, 2024, defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** representative **SHAWN WHITEMAN** confirms again to the plaintiff the need for an agreement in writing as a priority.

45.     On or about April 2, 2024, defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** confirms to follow up later that week on the proposal that the Plaintiff **NEWTON BROWN, LLC** had sent to the defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** furthermore, the Plaintiff **NEWTON BROWN, LLC**., requested by e-mail further clarity of their proposal and all items they discussed the week before.

46.     On or about April 8, 2024, Plaintiff **NEWTON BROWN, LLC**., representative **ANTONIUS AGELINK** was present at a **New York City Department of Sanitation** hearing in New York City where he met with **New York City Department of Sanitation** personnel, and afterwards, he had a sit-down with **Travis Dowell** and the team of Safe Waste, a company that provides safety lids for the refuse bins**.** An oral confirmation was made by Travis Dowell that an agreement will be sent to the Plaintiff **NEWTON BROWN, LLC**.

47.     On or about April 8, 2024, Plaintiff **NEWTON BROWN, LLC**.'s representative

**ANTONIUS AGELINK** delivered into New York City 2 sample bins and explained details to **Deputy Commissioner of Strategic Initiatives Neil Eisenberg and Deputy Commissioner of Management and Budget Joseph Antonelli** at their office at Worth Street, Manhattan. This delivery was communicated and coordinated by **the New York City Department of Sanitation, Officer Francesca Haass.**

48.     On or about April 9, 2024, defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** sent an e-mail requesting the Plaintiff **NEWTON BROWN, LLC** provide a title for their role in the **Solicitation # R104-R 2023-NYC-DSNY Bid.**   The Plaintiff **NEWTON BROWN, LLC.,** stated to the defendants they should use **"Senior Advisor"** to describe the role plaintiffs provided in the creation and delivery of the BID.

49.     On or about April 10, 2024, Plaintiff **NEWTON BROWN, LLC.,** sent a comprehensive response as requested by the defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** and **New York City Department of Sanitation** on the plaintiff's role for the rollout to the **New York City Bin.**  During a public hearing on April 8, 2024, questions were addressed to the **New York City Department of Sanitation,** on behalf of the Borough President of Brooklyn, about Community Engagement, Inclusion and Diversity, and the role of Plaintiff **NEWTON BROWN, LLC**.

50.     On or about May 31, 2024, the Concession was awarded to the defendants and immediately thereafter, defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** sent a "thank you" email to plaintiffs for their work on being awarded the **BI**D.

51.     On or about July 1, 2024, Plaintiff **NEWTON BROWN, LLC.,** representative **ANTONIUS AGELINK** was at a Press Conference at Gracie Mansion in New York City **and** arranged, with the consent of staff, to take a picture with Mayor Adams, the Mayor of New York City regarding the awarding of the BID.

8

**52**. On or about July 1, 2024, defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** representative **TRAVIS DOWELL** was at a Press Conference at Gracie Mansion in **New York City,** made a deceptive representation that an agreement would be sent to the plaintiff **NEWTON BROWN, LLC**., which was further from the truth, because the defendants never intended to follow through apparently.

**53**. On or about July 1, 2024, defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** representative **TRAVIS DOWELL, at** approximately 10 minutes after the conclusion of the Press Conference at Gracie Mansion in **New York City,** approached the plaintiff **NEWTON BROWN, LLC**., representative **ANTONIUS AGELINK** made certain allegations that New York City Department of Sanitation was not amused by **TRAVIS DOWELL** and **ANTONIUS AGELINK** taking a picture with the mayor. Furthermore, the defendant**, TRAVIS DOWELL,** requested that the Plaintiff not use these pictures; the plaintiff was very surprised by Defendant **TRAVIS DOWELL's** position in this matter. The Plaintiff **NEWTON BROWN, LLC**.'s representative forwarded the photo to the defendant **TRAVIS DOWELL.**

**54**. On or about July 30, 2024, Plaintiff **NEWTON BROWN, LLC.,** received a request for an interview with Liam Quigley, a Reporter for WNYC/Gothamist, this request was sent to the Defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** for advice.

**55**. On or about July 30, 2024, Plaintiff **NEWTON BROWN, LLC.,** received a termination e-mail from Defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** representative **SHAWN WHITEMAN,** that Defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** was withdrawing Plaintiff **NEWTON BROWN, LLC.,** for all business in New York.

**56**. The above defendants **DURAMAX HOLDINGS, LLC d/b/a/ OTTO**

9

INDEX NO. 655810/2024
RECEIVED NYSCEF: 01/21/2025

ENVIRONMENTAL SYSTEMS, BRIAN COLL, SHAWN McNEIL, SHAWN WHITEMAN, TRAVIS DOWELL failed to act in good faith from the moment that they initiated the oral agreement by failing to perfect the contract and kept prolonging the perfecting of the contract

57.    The above defendants, DURAMAX HOLDINGS, LLC d/b/a/ OTTO ENVIRONMENTAL SYSTEMS, BRIAN COLL, SHAWN McNEIL, SHAWN WHITEMAN, TRAVIS DOWELL, damaged the Plaintiff NEWTON BROWN, LLC., reputation by denying or even stating to New York City Department of Sanitation that Plaintiff NEWTON BROWN, LLC., is a valued  Senior Advisor and partner collaborating with the defendant DURAMAX HOLDINGS, LLC d/b/a/ OTTO ENVIRONMENTAL SYSTEMS.

58.    The above defendants, DURAMAX HOLDINGS, LLC d/b/a/ OTTO ENVIRONMENTAL SYSTEMS, BRIAN COLL, SHAWN McNEIL, SHAWN WHITEMAN, TRAVIS DOWELL lied as to the actual reason to exclude Plaintiff NEWTON BROWN, LLC., from doing business with DURAMAX HOLDINGS, LLC d/b/a/ OTTO ENVARONMENTAL SYSTEMS.

59.    The defendant's DURAMAX HOLDINGS, LLC d/b/a/ OTTO ENVIRONMENTAL SYSTEMS, Vice President TRAVIS DOWELL, outrightly lied to the New York City Department of Sanitation when he made dozens of oral statements in writing how important the partnership and great value and influence of the Plaintiff NEWTON BROWN, LLC., was for the defendant DURAMAX HOLDINGS, LLC d/b/a/ OTTO ENVIRONMENTAL SYSTEMS,  in order to be awarded the BID, when they were blatantly deceiving the New York City Department of Sanitation and the Plaintiff NEWTON BROWN, LLC.

60.    Furthermore, the defendant's DURAMAX HOLDINGS, LLC d/b/a/ OTTO ENVIRONMENTAL SYSTEMS, Chief Executive Officer BRIAN COLL, maliciously and deceptively and intentionally during a dinner meeting in North Carolina stated that he was going

to grant the Plaintiff **NEWTON BROWN, LLC**., great compensation and additional work opportunity if the defendant **DURAMAX HOLDINGS, LLC d/b/a/ OTTO ENVIRONMENTAL SYSTEMS,** were to be awarded the **<u>BID</u>,** while this declaration was further from the truth.

61.     In addition to the above paragraph, the defendant's **DURAMAX HOLDINGS, LLC d/b/a/ OTTO ENVIRONMENTAL SYSTEMS,** Executive Vice President **SHAWN WHITEMAN**, outrightly lied to t**he New York City Department of Sanitation** and to the Plaintiff **NEWTON BROWN, LLC**., in a place maker meeting by e-mail that it was a priority to send an agreement to plaintiffs **NEWTON BROWN, LLC**., regarding their collaboration, while this was further from the truth, because of the greed and intent on collective defendants failure to execute the said agreement.

62.     Furthermore, the above defendants, **DURAMAX HOLDINGS, LLC d/b/a/ OTTO ENVIRONMENTAL SYSTEMS, BRIAN COLL, SHAWN McNEIL, SHAWN WHITEMAN, TRAVIS DOWELL,** not only deceived the Plaintiff **NEWTON BROWN, LLC.,** but used the plaintiff intellectual property to obtain the **<u>BID</u>** without compensating the plaintiff for the use of their intellectual property.

63.     Moreover, the above defendants **DURAMAX HOLDINGS, LLC d/b/a/ OTTO ENVIRONMENTAL SYSTEMS, BRIAN COLL, SHAWN McNEIL, SHAWN WHITEMAN, TRAVIS DOWELL,** defrauded **The City of New York** by utilizing a Minority Business Enterprise a certified company to gain access and influence, in total disregard for the legal consequences of their action. Minority Women Owned Business Fraud is a serious felony for which others in New York City have been criminally prosecuted.

64.     That the defendant **DURAMAX HOLDINGS. D/A/B OTTO ENVIRONMENTAL SYSTEMS,** through his agent, servant, and/or agent, did engage in a series of deceptive practices to obtain a successful BID from the City of New York and its Agencies the City of

11

New York Department of Sanitation and defrauded plaintiffs in the process.

**AS FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS,
DURAMAX HOLDINGS, LLC d/b/a/ OTTO ENVIRONMENTAL SYSTEMS, BRIAN
COLL, SHAWN McNEIL, SHAWN WHITEMAN, TRAVIS DOWELL
BREACH OF CONTRACT**

**65.**   Plaintiff **NEWTON BROWN, LLC.,** repeats, reiterates, and reallege every allegation

contained in paragraphs (of the complaint) numbered "1" through "64" inclusive, with

the same force and effect as though herein fully set forth at length.

**66.**   Upon information and belief since and for some time prior to September 1, 2023, the

defendant corporation has been and now is the manufacturer of a plastic 2-wheeled cart waste

collection system.

**67.**   On or about November 7, 2023, Plaintiff NEWTON BROWN, LLC., and TRAVIS

DOWELL, on behalf of **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL**

**SYSTEMS** had a team meeting to discuss the strategy for the **Solicitation # R104-R 2023-**

**NYC-DSNY,** and or **Request for Proposal (RFP).**

**68.**   Upon information and belief thereafter the meeting on November 7, 2023, plaintiff

**NEWTON BROWN, LLC.,** and the defendant **DURAMAX HOLDINGS. d/b/a OTTO**

**ENVIRONMENTAL SYSTEMS** and the individual defendants entered an oral contract for the

creation and submission of the BID to the City of New York DSNY.  Plaintiffs relied on that oral

contract to their detriment. Further, it was agreed the oral contract was to be memorialized in

writing at a proper date and time to be signed by the parties.

**69.**   The defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL**

**SYSTEMS** failed to act in good faith from the moment that they initiated the oral agreement by

failing to perfect the contract and they kept prolonging the perfecting of the contract, while they

used the plaintiffs time, resources and intellectual property knowing well they did not intend to

sign the said contract. Plaintiffs offered to work on the BID with all defendants. Defendants

accepted that offer and did, in fact, work extensively with plaintiffs. The consideration for the

contract was the work and expertise plaintiffs had within their exclusive knowledge and control

and that plaintiffs were a New York Minority Business Enterprise. The parties agreed that

plaintiff was to be paid for their services by participating financially in the money paid to

defendant after the award of the BID. The BID was awarded, and defendants two months later

breached the contract by refusing (after the BID was awarded) to pay plaintiffs or to further

recognize their participation in the creation and awarding of the BID.

### AS FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS, DURAMAX HOLDINGS, LLC d/b/a/ OTTO ENVIRONMENTAL SYSTEMS, BRIAN COLL, SHAWN McNEIL, SHAWN WHITEMAN, TRAVIS DOWELL, FOR QUANTUM MERIT

**70.**    Plaintiff **NEWTON BROWN, LLC.,** repeats, reiterates, and reallege each allegation

contained in paragraphs (of the complaint) numbered "1" through "69" inclusive, with the same

force and effect as though herein fully set forth at length.

**71.**    Furthermore, the defendant **DURAMAX HOLDINGS, LLC d/b/a/ OTTO**

**ENVIRONMENTAL SYSTEMS,** that even though they used the plaintiff's time, resources,

and intellectual property supplied to the defendant, the defendants failed to compensate the

plaintiff after they successfully obtained the BID from the City of New York and New York City

Department of Sanitation. Plaintiffs are entitled to the value of the work and contribution to the

successful BID in proportion and in accordance with the value gained to defendants by gaining

the award of the BID. Defendants would not have been awarded the BID without the

participation and intellectual property of plaintiffs and without the participation of a local New

York City Minority Business Enterprise.

13

**AS FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS,
DURAMAX HOLDINGS, LLC d/b/a/ OTTO ENVIRONMENTAL SYSTEMS, BRIAN
COLL, SHAWN McNEIL, SHAWN WHITEMAN, TRAVIS DOWELL,
FRAUD AGAINST PLAINTIFFS**

**72.**      Plaintiff **NEWTON BROWN, LLC.,** repeats, reiterates, and reallege each allegation

contained in paragraphs (of the complaint) numbered "1" through "71" inclusive, with the same

force and effect as though herein fully set forth at length.

**73.**      Upon information and belief the defendant's **DURAMAX HOLDINGS, LLC d/b/a/**

**OTTO ENVIRONMENTAL SYSTEMS,** Vice President **TRAVIS DOWELL,** outrightly lied

to t**he New York City Department of Sanitation,** when he made dozens of oral statements in

writing how important the partnership and great value and influence of the Plaintiff **NEWTON**

**BROWN, LLC**., was for the defendant **DURAMAX HOLDINGS, LLC d/b/a/ OTTO**

**ENVIRONMENTAL SYSTEMS,**  in order to be awarded the **BID,** when they were blatantly

deceiving **the New York City Department of Sanitation** and the Plaintiff **NEWTON**

**BROWN, LLC**., thus committing the said fraud by making material misrepresentation or

omissions of fact, made by the defendants with knowledge of its falsity with intent to defraud;

there was reasonable reliance of the part of the plaintiff and thus resulting in damaging the

plaintiff.

**74.**      Defendants committed a fraud against plaintiffs by representing to plaintiffs they would

be compensated proportionately to the value of the BID once awarded, then later denying all

financial compensation.

**75.**      Plaintiffs are entitled to just compensation for this fraud and are entitled to punitive

damages for the collective defendants' intentional frauds against plaintiffs.

14

### AS FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS, DURAMAX HOLDINGS, LLC d/b/a/ OTTO ENVIRONMENTAL SYSTEMS, BRIAN COLL, SHAWN McNEIL, SHAWN WHITEMAN, TRAVIS DOWELL, MBE FRAUD AGAINST THE CITY OF NEW YORK

**76.** Plaintiff **NEWTON BROWN, LLC.,** repeats, reiterates, and reallege each allegation contained in paragraphs (of the complaint) numbered "1" through "75" inclusive, with the same force and effect as though herein fully set forth at length.

**77.** Defendants committed further fraud against the City of New York by falsely claiming to be aligned with a Minority Business Enterprise to gain the award of the BID, only to then, later, after the BID was awarded, deny the alignment with the Minority Business Enterprise.

**78.** MBE fraud is a crime for which others have been criminally prosecuted, as it is a crime to represent to the City of New York MBE alignment when such alignment doesn't exist.

**79.** Plaintiff has been damaged because of the Minority Women Business Enterprise Fraud committed by corporate and individual defendants and is due just compensation for being victims of that fraud and is entitled to punitive damages for the intentional fraud committed by defendants against the City of New York as plaintiffs are the victims of that fraud.

### AS FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS, DURAMAX HOLDINGS, LLC d/b/a/ OTTO ENVIRONMENTAL SYSTEMS, BRIAN COLL, SHAWN McNEIL, SHAWN WHITEMAN, TRAVIS DOWELL, UNJUST ENRICHMENT/BREACH OF IMPLIED CONTRACT

**80.** Plaintiff **NEWTON BROWN, LLC.,** repeats, reiterates, and alleges each allegation contained in paragraphs (of the complaint) numbered "1" through "79" inclusive, with the same force and effect as though herein fully set forth at length.

**81.** That upon information and belief defendant **DURAMAX HOLDINGS. d/b/a OTTO ENVIRONMENTAL SYSTEMS,** unjustly enriched themselves when they were awarded th**e**

15

**BID** and maliciously enriched themselves at the expense of the Plaintiff **NEWTON BROWN, LLC.,** who had provided the defendants with all the documents, expertise**,** time, resources, and intellectual property supplied to the defendant, by the plaintiff, thus the defendant failed to compensate the plaintiff after they successfully obtained the BID from t**he City of New York and New York City Department of Sanitation,** by using false allegations and innuendos to suggest " the commissioner was extremely upset regarding some request to take picture with the mayor on the day of the cart rollout**."**

82.     The parties entered into an implied contract in fact.  Plaintiff was to provide its knowledge of New York City public systems and its MBE status.  Defendant was to pay plaintiff for its work and expertise.

83.     Plaintiff relied on the collective defendants' representations and performed its portion of the contract.

84.     To date, defendants collectively never denied plaintiff performed their end of the contract and defendants only objected two months after the BID was awarded.

85.     The collective defendants have been unjustly enriched by utilizing plaintiff's time, expertise and knowledge of the New York City market and by using plaintiff's status as a Minority Business Enterprise, then denying them any compensation whatsoever.


### AS FOR SIXTH CAUSE OF ACTION AGAINST DEFENDANTS, DURAMAX HOLDINGS, LLC d/b/a/ OTTO ENVIRONMENTAL SYSTEMS, BRIAN COLL, SHAWN McNEIL, SHAWN WHITEMAN, TRAVIS DOWELL, SPECIFIC PERFORMANCE

86.     Plaintiff **NEWTON BROWN, LLC.,** repeats, reiterates, and realleges each allegation contained in paragraphs (of the complaint) numbered "1" through "85" inclusive, with the same force and effect as though herein fully set forth at length.

87.     That the defendant **DURAMAX HOLDINGS. D/A/B OTTO ENVIRONMENTAL**

16

**SYSTEMS** failed to fulfill its obligation by terminating its agreement with no legal basis whatsoever and with no compensation at all. Plaintiff had already provided the defendants with all the documents, expertise**,** time, resources, and intellectual property supplied to the defendant, by the plaintiff, later the defendant failed to compensate the plaintiff after they successfully obtained the **BID** from the City of New York. Plaintiff is entitled to specific performance of the contract made between the parties that plaintiff would be paid in proportion to the work and value they provided to the award of the BID in proportion to the total value of the contract with the City of New York.

88.    By reason of the foregoing, plaintiff, **NEWTON BROWN, LLC.,** has been damaged and seeks compensation for said Breach of Contract, Quantum Merit, Fraud against the plaintiffs and as against the City of New York: Unjust Enrichment: and Specific Performance arising from the successful bid summitted to the City of New York by the parties for the manufacturing and delivery of residential refuse containers which was awarded to the defendants on May  31, 2024.

**WHEREFORE**, plaintiff **NEWTON BROWN, LLC.,** demands **JUDGEMENT** in the **FIRST CAUSE OF ACTION <u>FOR BREACH OF CONTRACT</u> AGAINST DEFENDANTS DURAMAX HOLDINGS, LLC d/b/a/ OTTO ENVIRONMENTAL SYSTEMS, BRIAN COLL, SHAWN McNEIL, SHAWN WHITEMAN, TRAVIS DOWEL**L demands JUDGMENT in the **SECOND CAUSE OF ACTION AGAINST DEFENDANTS** for **<u>QUANTUM MERIT FRAUD</u>** in the **THIRD CAUSE OF ACTION** against defendants, demands **JUDGMENT** for **<u>FRAUD</u> d**emands **JUDGEMENT** in the **<u>FOURTH CAUSE OF ACTION</u>** for **<u>MWBE FRAUD AGAINST CITY OF NEW YORK</u>** demands JUDGEMENT in the **FIFTH CAUSE OF ACTION <u>BREACH OF IMPLIED CONTRACT</u>** demands **JUDGMENT i**n the **SIXTH CAUSE OF ACTION <u>SPECIFIC PERFORMANCE</u> PLAINTIFF**, **NEWTON BROWN, LLC**., demands judgment against all the defendants, individually and severally against all individual and corporate defendants.

17

INDEX NO. 655810/2024

RECEIVED NYSCEF: 01/21/2025

 

**WHEREFORE**, plaintiff **NEWTON BROWN, LLC.,** demands judgment and compensation plus the costs of this action, which exceeds the jurisdictional limits of all lower courts which otherwise have jurisdiction from the 31st day of May 2024, together with the cost and disbursement of this action.

Dated: New York, New York
       January 21, 2024

                                   *Robert Osuna*

                                  **ROBERT OSUNA, P.C.**
                                  Attorney for Plaintiff(s)
                                  11 Park Place, Suite 1100
                                  New York, New York 10007
                                  (212) 233-1033

**TO: STERNBACH, LAWLOR & RELLA LLP**
      Attorney for Defendants
      575 Fifth Avenue 14th Floor
      New York, New York 10017
      (212) 661-4040
      tdl@sternbach.com

18

INDEX NO. 655810/2024

RECEIVED NYSCEF: 01/21/2025

Case 1:25-cv-01075-AT    Document 1-4    Filed 02/06/25    Page 20 of 21

# ATTORNEY VERIFICATION

**ROBERT OSUNA, ESQ**., an attorney at law duly admitted to practice before the courts of the State of New York, and not a party to this action, hereby affirms the following under penalty of perjury:

That he is the attorney for the plaintiff(s) in the above-entitled action, with offices located at 11 Park Place, Suite 1100, New York, New York 10007.  That he has read the foregoing **COMPLAINT** and knows the contents thereof.  That the same is true to his knowledge, except as to the matters stated to be alleged upon information and belief and as to those matters which he believes to be true.

That the reason this **Verification** is made by the deponent rather than the plaintiff(s) is because the plaintiff(s) are not at this time within the county of New York, which is the county where deponent has his office and plaintiff is a corporate entity.  Deponent further says that the grounds of his belief as to all matters in the Verified Complaint, not stated to be upon knowledge, are based upon information supplied by the plaintiff(s), books and records on file with counsel's office, public statements made by the parties and documents available to the public.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Affirmed

*Robert Osuna*

**ROBERT OSUNA, ESQ.**

19

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
=======================================================X

**NEWTON BROWN, LLC.,**

**Plaintiff(s),**

    **-against-**


**DURAMAX HOLDINGS. D/A/B OTTO ENVIRONMENTAL**
**SYSTEMS, BRIAN COLL, SHWN McNEIL, SHAWN**
**WHITEMAN, TRAVIS DOWELL**

**Defendants.**

=======================================================X



=========================================================

# VERIFIED COMPLAINT

=========================================================


## LAW OFFICE OF ROBERT OSUNA, PC
Attorney for Plaintiff(s)
11 Park Place, Suite 1100
New York, New York 10007
(212) 233-1033

=========================================================